**COMMERCIAL CREDIT BUSINESS LOANS, INC., Plaintiff-Appellant,**

v.

**ST. LOUIS TERMINAL FIELD WAREHOUSE COMPANY, Defendant-Appellee.**

No. 74–2924.

United States Court of Appeals, Fifth Circuit.

June 9, 1975.

---

Kenneth Perrine, Birmingham, Ala., for plaintiff-appellant.

Lawrence B. Clark, Birmingham, Ala., for defendant-appellee.

Before GEWIN, DYER and ADAMS*, Circuit Judges.

PER CURIAM:

Defendant, St. Louis Terminal Field Warehouse Co. (St. Louis), physically controlled inventory of Smith's Pride Food, Inc. (Smith's), which secured loans made by plaintiff, Commercial Credit Business Loans, Inc. (Commercial), to Smith's pursuant to a field warehousing bailment agreement among St. Louis, Smith's and Commercial. Under the agreement, St. louis was not to release Smith's inventory from its warehouse except as authorized by Commercial.

Commercial's collateral became impaired by a $200,000 shortage of inventory in the St. Louis warehouse, and Commercial brought suit. The district court found that $175,277.55 of the shortage resulted from unauthorized deliveries not reflected on St. Louis' records as having been delivered. It further found the unrecorded deliveries to have occurred between January 30, 1971, and June 4, 1971, during which time Commercial had expressly authorized St. Louis to release inventory at Smith's request on the condition that St. Louis first obtain Smith's check for 55% of the releases and forward the check to Commercial. Consequently, with respect to the $175,277.55 shortage, the district court limited recovery to the 55% which Commercial would have received had St. Louis complied with Commercial's authorization.

■ Commercial argues on appeal that it was damaged by 100%, not 55%, of the $175,277.55 shortage. We have carefully examined the trial record and fail to discern any proof of damage beyond the 55% of the value of the released inventory Commercial would have received had St. Louis complied with the authorization.

■ Commercial further urges that no competent evidence was presented to the district court by St. Louis to prove that the shortage resulted from unrecorded deliveries during the "55% period." On the contrary, St. Louis presented the uncontroverted results of an audit conducted by St. Louis to determine the cause of the shortage, supported by documentary evidence (bills of lading and invoices), and explained through the testimony of the St. Louis employee who supervised the audit. In light of this evidence, the findings of the district court are not clearly erroneous. See, e.g., McAllister v. United States, 1954, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20; Gulf Banana Co. v. Reefer Shipping Corp., 5 Cir. 1968, 391 F.2d 287.

* Of the Third Circuit, sitting by designation.

For the first time on appeal Commercial contends that it was damaged beyond the 55% since, had the deliveries been reported, it would have obtained the resulting accounts receivables as collateral, and furthermore it might have rescinded the "55% authorization" at an earlier time. Because neither these assertions nor proofs of these assertions were presented at trial, we decline to consider them on appeal. *See, e.g.,* D. H. Overmyer Co. v. Loflin, 5 Cir. 1971, 440 F.2d 1213; American Surety Co. v. Coblentz, 5 Cir. 1967, 381 F.2d 185.

Affirmed.