**Joseph E. GERASTA, Josefina E. Gerasta, wife of Joseph E. Gerasta, Plaintiffs-Appellees,**

v.

**HIBERNIA NATIONAL BANK, Defendant-Appellant,**

v.

**U. S. BUILDING MATERIALS CO., INC., Defendant.**

**No. 76–1650.**

United States Court of Appeals, Fifth Circuit.

June 23, 1978.

---

Harry T. Howard, III, New Orleans, La., for defendant-appellant.

R. Collins Vallee, New Orleans, La., for plaintiffs-appellees.

Before COLEMAN, HILL and RUBIN, Circuit Judges.

**JAMES C. HILL, Circuit Judge:**

The case on appeal raises the question of the appropriate remedy for a creditor's failure to comply with 15 U.S.C. § 1635,[1] the rescission provision of the Truth in Lending Act. The district court held that the defendant-creditor in the case on appeal forfeited its right to recover the property it had delivered to the obligor because the creditor did not perform those duties prescribed in § 1635(b). We reverse this holding.

The plaintiffs-appellees, Joseph E. Gerasta and Josefina E. Gerasta, received a home improvement loan from the defendant-appellant, Hibernia National Bank. The loan was secured by a second mortgage on the Gerastas' property. Approximately six months after receiving the loan, the Gerastas discovered that the Bank had not made all the material disclosures required by the Act, and they exercised their statutory right to rescind the transaction pursuant to § 1635(a). Within ten days after receipt of the notice of rescission, the Bank was statutorily required to return to the Gerastas all money received from them and to take all

---

1. Section 1635 provides in relevant part:

(a) Except as otherwise provided in this section, in the case of any consumer credit transaction in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any real property which is used or is expected to be used as the residence of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the disclosures required under this section and all other material disclosures required under this part, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so. The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, an adequate opportunity to the obligor to exercise his right to rescind any transaction subject to this section.

(b) When an obligor exercises his right to rescind under subsection (a) of this section, he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission. Within ten days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. If the creditor has delivered any property to the obligor, the obligor may retain possession of it. Upon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value. Tender shall be made at the location of the property or at the residence of the obligor, at the option of the obligor. If the creditor does not take possession of the property within ten days after tender by the obligor, ownership of the property vests in the obligor without obligation on his part to pay for it.

necessary actions to reflect the termination of the security interest created by the second mortgage in the Gerastas' property. 15 U.S.C. § 1635(b). If the Bank had performed these duties within ten days, the Gerastas then would have been required to tender the loan proceeds to the Bank. The Bank, however, took no action after receipt of the Gerastas' rescission notice. Therefore, the Gerastas did not tender the loan proceeds to the Bank, and they filed this suit.

■ The district court held that the loan to the Gerastas fell within the ambit of the Truth in Lending Act and that the Bank had not made all the statutorily prescribed material disclosures, thereby entitling the Gerastas to rescind the loan transaction pursuant to § 1635. After a careful review of the record, we affirm these holdings. *See Powers v. Sims and Levin*, 542 F.2d 1216, 1219 (4th Cir. 1976); *Simmons v. American Budget Plan, Inc.*, 386 F.Supp. 194, 200 (E.D.La.1974). We must reverse and remand, however, on the issue of damages. In accordance with § 1635, the district court entered a judgment recognizing the Gerastas' rescission of the loan agreement and recognizing their right to a complete refund of the money they had already paid to the Bank, plus interest. The district court also entered judgment for the Gerastas for costs and a reasonable attorney's fee and for the cancellation of any inscription in the public records of the second mortgage on the Gerastas' property. The district court also held, however, that the Gerastas are entitled to retain the loan proceeds without any obligation to the Bank, because the Bank did not perform those duties imposed by § 1635.

■ This court has recognized that the Truth in Lending Act provides "detailed remedial machinery" to redress violations of the Act. *Sosa v. Fite*, 498 F.2d 114, 117 (5th Cir. 1974). Therefore, courts should apply those remedies provided in the Act. *Burgess v. Charlottesville Savings and Loan Association*, 477 F.2d 40, 45 (4th Cir. 1973); *Jordan v. Montgomery Ward & Co.*, 442 F.2d 78, 81–82 (8th Cir.), *cert. denied*, 404 U.S. 870, 92 S.Ct. 78, 30 L.Ed.2d 114 (1971). Section 1635 does not expressly provide a remedy for the situation in which the creditor fails to take any action upon receipt of a rescission notice and the consumer does not tender the creditor's property. Section 1640(a),[2] however, provides the remedy for a creditor's failure to comply with "any requirement" imposed by certain provisions of the Act, including § 1635.

■ Section 1635 and § 1640 are not mutually exclusive remedies; a consumer may be entitled to both rescission pursuant to § 1635 and damages pursuant to § 1640. *See Mourning v. Family Publications Service, Inc.*, 411 U.S. 356, 376, 93 S.Ct. 1652, 36 L.Ed.2d 318 (1973); *Sellers v. Wollman*, 510 F.2d 119, 123 (5th Cir. 1975). That Congress intended the § 1640 liability provision to apply to creditors' violations of § 1635 is confirmed by the 1974 amendment of § 1640. Before amendment, § 1640(a) provided that it applied only when a creditor failed "to disclose to any person any information required under this part to be disclosed to that person . . . ." As stated, § 1640 now expressly applies whenever a creditor fails to comply with "any requirement" imposed by certain provisions of the Act, including § 1635. Although the amended version of § 1640 did not become effective until after the present cause of action arose, the amended version of § 1640

2. Section 1640(a) provides in relevant part:

Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part . . . of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—

(1) any actual damage sustained by such person as a result of the failure;

(2)(A)(i) in the case of an individual action twice the amount of any finance charge in connection with the transaction, . . . except that the liability under this subparagraph shall not be less than $100 nor greater than $1,000; . . . and

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

is applicable to the case on appeal. *Mirabal v. General Motors Acceptance Corp.*, 537 F.2d 871, 875–76 (7th Cir. 1976). *See also Gore v. Turner*, 563 F.2d 159, 163 (5th Cir. 1977).

■ Section 1640 does not provide for forfeiture of the creditor's property. It provides in relevant part for an award of actual damages, a reasonable attorney's fee, and twice the amount of any finance charge in an amount up to $1,000 and not less than $100. Application of § 1640 thus serves the congressional purpose of restoring the parties to the status quo ante and is consistent with the Act's remedial character. *Murphy v. Household Finance Corp.*, 560 F.2d 206, 208–11 (6th Cir. 1977); *Binnick v. Avco Financial Services of Nebraska, Inc.*, 435 F.Supp. 359, 364–66 (D.Neb.1977); *Porter v. Household Finance Corp. of Columbus*, 385 F.Supp. 336, 340–43 (S.D. Ohio 1974). If, after a hearing, the court determines that the consumer is entitled to rescind, the consumer will be recompensed for any additional damages and costs he has incurred as a result of the litigation.

The statement of law contained in this opinion may be usefully illustrated by its application to the facts involved in the case on appeal. The Gerastas determined that the defendant Bank had violated the disclosure provisions of the Act. Therefore, the Gerastas notified the Bank of their intention to rescind the loan transaction pursuant to § 1635. The Bank did not perform its statutorily prescribed duties within ten days, allegedly because the Gerastas' rescission was equivocal and because the Bank was uncertain whether the transaction came within the ambit of the disclosure and rescission provisions of the Truth in Lending Act. The Bank's noncompliance exposed the Bank to the possibility of increased liability pursuant to § 1640(a).

■ It has now been judicially determined that the Gerastas were entitled to rescind their transaction with the Bank and that the Gerastas' notice of rescission was

valid. Therefore, the Bank now must return to the Gerastas any money or property that it has received from them in connection with this transaction. The Bank also must take any action necessary to reflect the termination of any security interest created in the Gerastas' property by the transaction. Upon the Bank's performance of its duties, the Gerastas must tender the loan proceeds to the Bank. They should be given a reasonable time within which to do so. Unless the Bank fails to take possession within ten days of tender, its interest will not be forfeited.

This court's decision in *Sosa v. Fite*, 498 F.2d 114 (5th Cir. 1974), does not require a different result. In *Sosa*, as in the case on appeal, the creditors did not perform their statutorily prescribed duties after receiving the consumer's notice of rescission. In *Sosa*, however, the consumer's notice of rescission was accompanied by the consumer's express offer to return the creditor's property. The court in *Sosa* emphasized that the consumer's obligation to restore the creditor to the status quo ante was discharged by the tender. In the case on appeal, on the other hand, the Gerastas stated in their rescission notice that they refused to tender the loan proceeds until the Bank performed its statutorily prescribed duties.[3]

■ On remand, the district court should award the Gerastas the amount of damages to which they are entitled pursuant to § 1640(a). The award should include a reasonable attorney's fee for the services rendered on this appeal because the suit was a "successful action." *See Powers v. Sims and Levin*, 542 F.2d 1216, 1222 (4th Cir. 1976); *Sosa v. Fite*, 498 F.2d 114, 122 (5th Cir. 1974); 15 U.S.C. § 1640(a)(3). In determining an appropriate fee, the district court should consider the factors stated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *McGowan v. King, Inc.*, 569 F.2d 845 (5th Cir. 1978). The

---

3. *Sosa* was decided pursuant to the pre-1974 version of § 1640, which limited the applicability of § 1640 to creditors' failures to make required disclosures. We do not consider the question of the continued validity of the *Sosa* decision in light of the 1974 amendment.

district court judgment also should make clear that the Bank is entitled to a return of the loan proceeds, though the debt is no longer secured by a second mortgage on the Gerastas' property and though the Bank's duties are in no way conditional upon the Gerastas' tender of the loan proceeds.

 The district court held that the Bank should have disclosed to the Gerastas that a materialmen's lien could be created in their property pursuant to state law. La.Rev. Stat. § 9:4801. Since the district court rendered its decision, however, the Federal Reserve Board has issued an official staff interpretation that creditors need not disclose statutory materialmen's liens running in favor of a noncreditor-contractor or its subcontractors. Federal Reserve Board Official Staff Interpretation (Sept. 30, 1976). This official staff interpretation does not affect the result in the case on appeal, however, because the Bank violated other disclosure provisions of the Act, and a creditor's liability is not directly affected by the number of violations it commits. *Turner v. Firestone Tire and Rubber Co.*, 537 F.2d 1296, 1297-98 (5th Cir. 1976); 15 U.S.C. § 1640(g).

On this appeal, the Bank alleges for the first time that the Gerastas used a substantial portion of the loan proceeds to improve rental property. Because the Bank did not make this allegation in the district court, we will not consider it. *United States v. Allegheny-Ludlum Industries, Inc.*, 517 F.2d 826, 840 n. 13 (5th Cir. 1975); *Commercial Credit Business Loans, Inc. v. St. Louis Terminal Field Warehouse Co.*, 514 F.2d 75, 77 (5th Cir. 1975).

AFFIRMED in part, and REVERSED and REMANDED in part.

ALVIN B. RUBIN, Circuit Judge, concurring:

The opinion is so thorough that I concur completely. I add simply what may be a personal gloss: the forfeiture provision contained in Section 1635(b) is still a part of the statute; it should be enforced as written in an appropriate case; but, in the absence of the tender by the obligor that the Section specifically requires, it is not applicable.