William MITCHELL and Hattie Mae Mitchell, Plaintiffs,

v.

SECURITY INVESTMENT CORPORATION OF the PALM BEACHES, and Peoples Mortgage Company, Defendants.

No. 77–8115–CIV–CF.

United States District Court, S. D. Florida.

Jan. 26, 1979.

Dougles Ombres, Ombres, Powell, Tennyson & St. John, P.A., West Palm Beach, Fla., for plaintiffs.

Richard T. Stierer, West Palm Beach, Fla., Robert P. Witcher, Atlanta, Ga., for defendants.

## ORDER

FULTON, Senior District Judge.

This cause came before the Court on plaintiffs' complaint for rescission of a note and mortgage and for statutory damages pursuant to the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* and Federal Reserve Regulation Z, 12 C.F.R. § 226. The matter was referred to the United States Magistrate for review and recommendation. The Magistrate's recommendation was filed on August 10, 1978. Thereafter the parties filed various objections to the recommendation and memoranda in support of their positions.

United States Magistrate Kyle found that the form used by defendants in the note and mortgage at issue contained several violations of the Truth in Lending Act. Those findings are set out below in full. The parties have not objected to the Magistrate's conclusion as to the violations. The defendants have, in fact, offered to rescind the agreement. The parties do, however, object to the Magistrate's choice of remedies. Thus the Court has undertaken an independent review of the record in the cause to determine the appropriate remedies.

## THE MAGISTRATE'S FINDINGS

The parties do not contest the fact that they entered into a loan agreement on November 8, 1976. The plaintiffs sought the loan for home improvements from defendant Peoples Mortgage Company. The plaintiffs gave a second mortgage on their residence as security for the loan. Peoples made arrangements with Security and Investment Corporation to extend consumer credit to the plaintiffs, in the amount of $3,615.00. Plaintiffs paid defendant Peoples a fee of $365.80 plus charges for insurance and recording costs, for a total of $465. Interest on the loan was at an annual rate of 15%.[1]

Upon review of the loan agreement, plaintiff's exhibit A, the Magistrate concluded that the agreement was defective in the following respects:

(1) The Installment Note fails to provide for "annual percentage rate" to be printed more conspicuously than other terminology, as required by § 226.6(a);

(2) The instrument fails to describe the security interest retained or acquired by the creditor in connection with the extension of credit. The Installment Note does not contain, as required by § 226.8(b)(5), reference to the second mortgage;

---

1. The Court also notes that in addition to Federal statutory problems, the 15% interest rate appears to violate Florida Statute, Sec. 520.79 which sets a 10% ceiling on Home Improvement Loan finance charges.

(3) The note does not disclose the amount of credit which the customer actually has use of, as required by § 226.8(d)(1);

(4) The note fails to disclose the number, amount, and due dates of payments, as required by § 226.8(b)(3);

(5) The note fails to disclose the method of computing the amount of any default or delinquency charges, as required by § 226.-8(b)(4).

The Court adopts this portion of the Magistrate's review and recommendation.

## REMEDIES

The parties have agreed to the rescission of the loan agreement. There are, however, three unresolved issues of law relating to remedies in this cause of action. They are addressed *seriatim*.

1. WHETHER RESCISSION OF THE CONTRACT SHOULD BE CONDITIONED ON THE PLAINTIFF'S RETURN OF THE PRINCIPAL OF THE LOAN.

■ Plaintiffs argue that they should be permitted to retain the principal of the loan after defendants have rescinded the agreement, returned all finance and other charges, and terminated their security interest in plaintiffs' residence. 15 U.S.C. § 1635(b), pursuant to which plaintiffs seek rescission of the loan, provides otherwise. That provision states:

> Upon the performance of the creditor's obligations under this section [recision], the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value.

In the present case, the "property" of the creditor is the $3,615.00 loan. It seems that return of the principal upon the rescission of the agreement would also be consistent with the statutory goal of returning the parties to the *status quo* before they entered into the contract.

In support of their argument that rescission should not be conditioned on return of the principal, plaintiffs rely on the case of *Sosa v. Fite*, 498 F.2d 114 (5th Cir. 1974). In *Sosa* the plaintiff-obligor notified the defendant-creditor of her intent to rescind and at the same time offered to return the principal. The offer fell on deaf ears. Thus, the Court found the provision of § 1635(b), which vests property in the obligor if the creditor does not take possession within ten days of tender, to be controlling. Since the plaintiffs in the present action never tendered the principal to the defendant, *Sosa* is simply not applicable. Plaintiffs are still under an obligation to return the $3,615.00 to defendants if they desire rescission.

This result is supported by the recent decision of the Court of Appeals in *Gerasta v. Hibernia National Bank*, 575 F.2d 580 (5th Cir. 1978). The facts in *Gerasta* are virtually identical to the case at bar. In *Gerasta* the plaintiffs rescinded a home improvement loan upon the realization that the defendant's disclosure was defective. Notice of the rescission was sent to the creditor, but no offer to return the principal was made. The District Court permitted rescission pursuant to § 1635(b), and also permitted the plaintiffs to retain the loan proceeds. The Court of Appeals affirmed the decision as to rescission, yet required return of the loan money to the defendant as a condition of rescission. The Court went on to distinguish *Sosa*:

> This Court's decision in *Sosa v. Fite* . . does not require a different result. In *Sosa*, as in the case on appeal, the creditors did not perform their statutorily prescribed duties after receiving the consumer's notice of rescission. In *Sosa*, however, the consumer's notice of rescission was accompanied by the consumer's express offer to return the creditor's property. *Id.* at 584.

This Court finds the *Gerasta* case controlling and holds that plaintiffs must return the principal to defendants as a condition of rescission pursuant to § 1635(b).

2. WHETHER PLAINTIFFS ARE ENTITLED TO DOUBLE DAMAGES UNDER § 1640.

■ Plaintiffs also seek an award of damages pursuant to 15 U.S.C.

§ 1640(a)(2)(A). That provision establishes liability against any creditor who violates the Truth in Lending Act for ". . . twice the amount of any finance charge in connection with the transaction . . . except that liability . . . shall not be less than $100 nor greater than $1,000." This has been interpreted so as to permit each plaintiff to recover an award of up to $1,000. *Davis v. United Companies Mortgage And Investment of Gretna Inc.*, 551 F.2d 971, 972 (5th Cir. 1977).[2]

■ Double Damages under § 1640 and rescission pursuant to § 1635(b) are not mutually exclusive remedies. *Sellers v. Wollman*, 510 F.2d 119, 122 (5th Cir. 1975). Thus by seeking rescission pursuant to § 1635(b), plaintiffs have not foreclosed their right to double damages. The rationale for this result is that the two remedies serve a different purpose. Section 1635 seeks to return the parties to the status quo, while section 1640 is, in essence, a civil penalty. *See Sellers, supra* at 122.

■ While the Magistrate found numerous violations of the Truth in Lending Act, an award of double damages was not recommended. The Magistrate found that equitable considerations weighed against such an award. The Magistrate cites the Ninth Circuit case of *Palmer v. Wilson*, 502 F.2d 860, 862 (9th Cir. 1974) in support of the proposition that the Court has equitable power to deny § 1640 damages even when the statute has been violated. Plaintiffs, in their objections to the Magistrate's recommendation, argue that since both § 1640 and § 1635 remedies are available under *Sellers*, the Court must grant both remedies. The Court does not agree. *Sellers* simply holds that the remedies under §§ 1635 and 1640 are coextensive, not that they are mandatory. This Court can, in its discretion, deny § 1640 damages if they are deemed inappropriate.

An examination of the law in this Circuit regarding Truth in Lending Act violations reveals that § 1640 damages are appropriate when the disclosure requirements of the Act have been violated. The Court of Appeals' decision in *Gerasta* is particularly persuasive since the facts are virtually identical to the present case. It is clear from the record that the defendants have violated the Act and double damages are therefore appropriate.

In the present case the finance charge for the loan was $365.80. Damages should therefore be awarded to both plaintiffs in the amount of 365.80 × 2, or $731.60.

### ATTORNEY'S FEES

■ 15 U.S.C. § 1640(a)(3) permits an award of reasonable attorney's fees in any successful action to enforce the Act. The Magistrate has recommended an award of such fees at the rate of $40.00 per hour. An award of fees in that amount is reasonable and appropriate in this case. Plaintiff shall file with the Court an accounting of their attorney's time spent on this matter, and all proven costs of this litigation.

It is thereupon, ORDERED and ADJUDGED that defendants shall pay back to plaintiffs any monies received from them in connection with this transaction, and terminate any security interest in plaintiffs' property.

It is further ORDERED and ADJUDGED that the Clerk of the Court is instructed to return to the plaintiffs all monies which they have deposited in the registry of the Court.

It is further ORDERED and ADJUDGED that plaintiffs shall return the principal on this loan to defendants upon the defendants' performance of their obligations pursuant to this Order.

It is further ORDERED and ADJUDGED that defendants shall pay the sum of $731.60 damages to each plaintiff as a civil penalty under 15 U.S.C. § 1640(a)(1)(A).

---

**2.** Since § 1631(a) of the Act requires full disclosure to "each person to whom credit is extended," and the plaintiffs in this cause entered into an agreement whereby each would be jointly and severally liable on the note, an award of damages to each plaintiff is proper.

It is further ORDERED and AD-JUDGED that plaintiff shall file with the Court an accounting of their costs of bringing this cause of action.

· DONE and ORDERED at West Palm Beach, Florida, this 26 day of January, 1979.