**Lamar DEES, Plaintiff-Appellee,**

v.

**W. M. WEBB, INC. and the Home Indemnity Co., Defendants-Appellants,**

**Stoneco, Inc., Third Party Defendant-Appellee.**

No. 77–3512

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Feb. 23, 1979.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Phelps, Dunbar, Marks, Claverie & Sims, George A. Gaitas, James H. Roussel, New Orleans, La., for defendants-appellants.

William R. Brough, Meyer Sabludowsky, New Orleans, La., for Lamar Dees.

W. Matthew Campbell, New Orleans, La., for Stoneco, Inc.

James F. Wilbur, Longmont, Colo., for third party defendant-appellee.

Before COLEMAN, FAY and RUBIN, Circuit Judges.

PER CURIAM:

Plaintiff Dees, a seaman-fisherman employed by W. M. Webb, Inc. (Webb) on the latter's boat, the M/V SEA FALCON, suffered injuries to his eye and hand from an M-80, a firecracker device to detect fish, which exploded as he threw it into the water. Dees sued Webb and its insurer on grounds of negligence under the Jones Act, and unseaworthiness of the M/V SEA FALCON.

Webb filed a third-party complaint for indemnification against Stoneco, Inc., a Col-orado corporation which manufactured the M-80. Dees amended his complaint to include Stoneco as an additional principal defendant. Stoneco in turn cross-claimed against Webb. Neither the third-party complaint nor the answer thereto included a demand for a jury trial and none was filed subsequently by Stoneco or Webb. However, the pretrial order, signed by Webb, twice stated that the case was a jury case. The order was subject at the time to corrections, or additions by counsel, but none was entered.

The case went to trial before a jury, which found in answers to special interrogatories that:

1. Webb was negligent.

2. Webb's negligence played a part in Dees' injuries.

3. Webb's vessel, the M/V SEA FALCON, was unseaworthy.

4. The M/V SEA FALCON was not unseaworthy because its gear included a defective M-80 which was not suited and adequate for its intended use.

5. The M/V SEA FALCON was unseaworthy because the procedure followed aboard that vessel of taping a weight to an M-80 and throwing and M-80 by hand was unsafe for the performance of the mission of the vessel by the persons aboard.

6. The unseaworthiness was a proximate cause of Dees' injuries.

7. Dees was not contributorily negligent.

8. The M-80 which injured Dees was not defective or unreasonably dangerous for normal use at the time it left the factory of Stoneco, Inc.

9. The warning given by Stoneco was not inadequate to warn against dangers from the use of its product.

On the basis of the jury's answer to these interrogatories the court entered judgment in favor of Dees and against defendants Webb and its insurer and dismissed third party defendant Stoneco.

1. *Whether the cross-claim was properly dismissed on basis of jury's answers to special interrogatories.*

Webb contends that the judge erred in dismissing the cross-claim against Stoneco on the basis of the jury's answers to special interrogatories and without making findings and conclusions of his own. However, Webb signed the pretrial order, which clearly contemplated a jury trial and which made no provision for a bifurcated trial. Webb thereafter sought no amendment nor correction of the order, but made its first objection after the verdict in a "Supplemental Memorandum In Support of Motion For Judgment Notwithstanding The Verdict, or Alternatively, For a New Trial, Or Alternatively, to Amend the Judgment" filed on March 4, 1977. This Court has held that where the pretrial order clearly contemplates that a jury trial is to be had and the only objection made is by post-trial motion, the objection comes too late. *Bradford Builders, Inc. v. Sears Roebuck & Co.*, 5 Cir. 1959, 270 F.2d 649, 652. Thus Webb waived the jury issue.

2. *Applicability of Reyes v. Vantage S.S. Co., Inc., 5 Cir. 1977, 558 F.2d 238.*

Webb also contends that had the court made its own findings of fact and conclusions of law it should have found, consistently with the jury's answers to special interrogatories, that Stoneco negligently failed to furnish Webb with minimally adequate instructions and warnings, regarding the use of the M–80. It notes that such a finding by the court would find adequate support in federal regulations which have classified the M–80 as a banned hazardous substance, 16 C.F.R. § 1500.-17(a)(3) (1973), and argues further that the court should have held Stoneco negligent as a matter of law since under applicable state and federal laws and regulations the shipping of M–80's into Louisiana was prohibited. In this respect he contends the district court's decision is in conflict with *Reyes v. Vantage S.S. Co., Inc.*, 5 Cir. 1977, 558 F.2d 238 (where shipowners who, without any justification, had violated coast guard safe-ty regulations were held negligent *per se*), since

1. Stoneco shipped the M–80 into Louisiana, in violation of L.S.A. R.S. 51:651.1 (1962); 18 U.S.C. § 836 (1976); 15 U.S.C. §§ 1261, 1263 (1976); and C.F.R. § 1500.-17(a)(3) (1973);

2. Dees was within the class intended to be protected by the above statutes and regulations; and

3. The harm to Dees was within the category of harm which the pertinent statutes and regulations were intended to protect against.

However, since neither 15 U.S.C. § 1261 *et seq.*, nor L.S.A. R.S. 51:651.1 were a part of Webb's third party complaint nor were they the subject of testimony at the trial, Webb may not raise this issue the first time on appeal. *See Commercial Credit Business Loans, Inc. v. St. Louis Terminal Field Warehouse Co.*, 5 Cir. 1975, 514 F.2d 75, 77; *United States v. One 1971 Mercedes Benz, Etc.*, 4 Cir. 1976, 542 F.2d 912, 915.

For the above stated reasons, the judgment of the district court is

AFFIRMED.