GEWIN, Circuit Judge:
This is an appeal[1] from a district court’s dismissal order, which served to effectively uphold a bankruptcy court order authorizing settlement of pending deficiency litigation. We affirm.
Most of the facts involved in this court’s recent decision in Bleaufontaine, Inc., et al. v. Roland International et al.[2] have a direct bearing on this appeal. Consequently, only those factual matters which differ from that earlier holding will be outlined below.[3]
*1276 On September 2, 1977, Bankruptcy Judge Thomas C. Britton, for the Southern District of Florida, authorized Roland International, as a secured creditor of Bluevack, Incorporated, to proceed with a foreclosure sale of certain Bluevack real property in order to satisfy Roland’s state court judgment against Bluevack in the amount of $5,208,877.33. Thereafter, Roland purchased the property at the foreclosure sale for $1,000,000 and asserted a deficiency claim against the Bluevack estate for $4,208,877.33. However, Bankruptcy Judge Britton had imposed one condition on his authorization order. If Roland were to purchase the property at the foreclosure sale, its total deficiency claim would be set by the bankruptcy court regardless of the actual purchase price paid.
Thus, when the bankruptcy court, on December 7, 1977, approved the sale of the Fontainebleau Hotel and Spa to Hotelerama Corporation, in which Roland had a twenty-five percent shareholder interest, the sale terms were structured in order to provide the trustees with an option as to how they could resolve all matters in dispute with Roland. They could either accept a settlement whereby Roland would pay them $1,000,000, and in effect withdraw its deficiency claim or they could choose to litigate.
Opting for the later alternative, an adversary complaint was filed in bankruptcy court on March 20, 1978, however, prior to trial a settlement was reached whereby Roland agreed to pay the trustees $1,550,000. Realistically, this meant Roland was also willing to withdraw its deficiency claim. On May 18,1978, the bankruptcy court held a hearing to determine why the proposed settlement should not be approved. Although the appellants-bankrupts received notice of this hearing just as did the creditors, they failed to attend. At this hearing, the court and the creditors were advised that Roland had expressly conditioned its offer of settlement upon the subsequent consummation of a collateral settlement between Roland and the individual bankrupt, Ben Novack. Thereafter, pursuant to Roland’s request and since no objections had been raised at the hearing, the settlement was tentatively approved by Bankruptcy Judge Britton until such time as he would grant final approval when the Novack contingency was resolved.
Subsequently, the Novack settlement fell through. Despite this disappointment, Roland changed from its earlier posture and agreed to go ahead with the settlement herein at issue. Accordingly, the bankruptcy court, without a hearing, issued an order on August 4, 1978 approving the final settlement.
Appellants thereafter sought relief in district court thereby making their first objection to the settlement’s terms while unsuccessfully attempting to stay its implementation.[4] Although the appellees had already moved to dismiss the bankrupts’ appeals, the district court considered appellants’ contentions at a status conference on January 26, 1979. Three days later, on January 29, 1979, that same court granted the appellees’ motion to dismiss. It is from this dismissal order that appellants now appeal.
As a general rule, appellate courts refuse to consider an issue raised for the first time on appeal. Adams v. Askew, 511 F.2d 700, 705 (5th Cir. 1975); Commercial Credit Business Loans, Inc. v. St. Louis Terminal Field Warehouse Co., 514 F.2d 75, 77 (5th Cir. 1975). However, an exception is sometimes made in one of the following three instances: (1) when the issue raises a pure question of law and refusal to consider it results in a miscarriage of justice, Guerra *1277 v. Manchester Terminal Corp., 498 F.2d 641, 658 n.47 (5th Cir. 1974); American Surety Co. of New York v. Coblentz, 381 F.2d 185, 189 n.5 (5th Cir. 1967); (2) where the interest of substantial justice is at stake, Response of Carolina, Inc. v. Leasco Response, Inc., 537 F.2d 1307, 1324 (5th Cir. 1976); Edwards v. Sears, Roebuck & Co., 512 F.2d 276, 286 (5th Cir. 1975); and (3) when there is no opportunity to object to an order at the time of its issuance. Fed.R.Civ.P. 46.[5]
The district court’s dismissal order[6] concluded that appellants had been afforded adequate opportunity to object to the terms of the settlement. Consequently, their appeal was discovered to be representative of nothing more than a blatant attempt to question the settlement’s fairness for the first time before a reviewing tribunal. In any event, the district court also determined that the bankrupts were not persons aggrieved under Section 39(c) of the Bankruptcy Act, 11 U.S.C. § 67(c), and therefore were without standing to appeal from the bankruptcy court’s approval of the settlement. Inasmuch as the appellees have subsequently conceded at oral argument before this court that the appellants were persons aggrieved, then standing is no longer in issue.[7] Consequently, the sole inquiry of this court must be whether the district court properly found that the bankrupts were raising an issue for the first time on appeal.
The district court’s analysis necessarily turned on whether the final settlement approved by the bankruptcy court’s August 4, 1978 order was the same as the settlement proposed at the May 18,1978 hearing before Bankruptcy Judge Britton. If found to be the same, dismissal was fitting since the appellants had been provided ample opportunity to object to its terms. If such were the case, they not only had an opportunity to express their displeasure with the settlement at the hearing to which it is undisputed they had notice but they also had approximately two and one half months between the date of the hearing and the order in question during which they could have objected. On the other hand, if the final settlement was found to be different from the one originally proposed, dismissal was error. If instead this were the situation, the bankrupts lacked a chance to voice their disagreement to the final settlement since no hearing was held on that specific settlement before the August 4, 1978 order was issued.
After examining the bankruptcy court proceedings[8] along with the written and oral contentions of both parties on the motion to dismiss, the district court concluded that the bankruptcy court obviously treated the purportedly two different set *1278 tlements as one and the same.[9] Such a factual finding of a bankruptcy court must be accepted on appeal unless found to be clearly erroneous. In re Bardwell, 610 F.2d 228, 230 (5th Cir. 1980). The district court, acting as an appellate court, found the finding was not clearly erroneous. Hence, as explained above, the district court judge noted that since the two settlements were actually the same then the bankrupts had been afforded an adequate opportunity to object to the terms of the settlement. The cases were thus dismissed on the ground that they raised an issue for the first time on appeal.[10]
“[Application of the clearly erroneous doctrine becomes paramount when, as here, the district court has approved the referee’s determination.” DeMet v. Harralson, 399 F.2d 35, 38 (5th Cir. 1968). Inasmuch as the bankruptcy court’s finding that the two settlements were indistinguishable was ratified by the district court, this court has little choice but to agree. Even if this were not so, we find the determination not clearly erroneous. Moreover, we concur in the district court’s finding that the bankrupts had ample opportunity to object.[11] Therefore, we affirm the district court’s dismissal order in every respect except as to the issue of standing.
AFFIRMED.

. The appellants, four voluntarily adjudicated bankrupts, are three affiliated corporations (Fontainebleau Hotel Corporation; Bleaufontaine, Incorporated; and Bluevack, Incorporated) and their principal shareholder (Ben Novack). The appellees are the trustees in bankruptcy (R. C. Gardner, Jr., as trustee for Bleaufontaine and Bluevack; Larry Gilbert, as trustee for Fontainebleau and Novack) along with the purchaser and two related parties (Hotelerama Corporation, the actual purchaser; Hotelerama Associates, Limited, the assignee of the assets purchased by Hotelerama Corporation; and Roland International Corporation, a secured creditor of Bluevack who is also a shareholder in Hotelerama Corporation).

. 634 F.2d 1383 (5th Cir. 1981). Both cases were presented together at oral argument.

. The following chronology, with an asterisk to indicate the order appealed from, should prove helpful in understanding the procedural history of this case.
*1276 Date Event
September 2, 1977 Bankruptcy court authorized Roland to proceed with foreclosure sale of certain Bluevack realty.
May 18, 1978 Bankruptcy court hearing on proposed settlement of Roland’s deficiency claim.
Date Event
August 4,1978 Bankruptcy court order approved settlement.
* January 29, 1979 District court dismissed appeal from bankruptcy court’s order.

. The request for a stay was ultimately denied by both the bankruptcy court and the district court.

. Implicit in the dismissal order, see infra note 6, at 1277, is the district court’s decision that the bankrupts’ case did not fall within any of the three exceptions to the general rule that would have permitted the fairness of the settlement to be considered for the first time on appeal. Therefore, the district court chose to apply the general rule. Finding no error, we concur.

. The district court, in pertinent part, noted the following in its dismissal order:
Appellants had notice but did not appear at the hearing on the proposed settlement held May 18, 1978, nor did they file an objection to the proposed settlement prior to the entry of the Order of August 4, 1978 approving the settlement. Furthermore, Appellants have failed to establish that they are persons aggrieved who have standing to appeal to said Order.

. Without an extensive analysis of this question, we tend to agree that the bankrupts did indeed have standing in the district court below and presently before this court also. Only to this extent does our decision differ from the district court’s dismissal order. Otherwise, we find the dismissal order proper in every regard.

. Bankrupts argued in brief that the bankruptcy court abused its discretion by approving the settlement without fully apprising itself of all the facts necessary for an intelligent and objective opinion but instead merely relied upon representations made by the trustees that the settlement was provident. After a careful review of the August 4, 1978 approval order, we find no such abuse. Florida Trailer & Equipment Co. v. Deal, 284 F.2d 567, 571 (5th Cir. 1960).

. Bankruptcy Judge Britton had granted tentative approval of the settlement at the May 18, 1978 hearing. Obviously, the settlement was never withdrawn inasmuch as final approval was to be given when the Novack matter was resolved. Therefore, when Roland waived the condition, the Novack contingency was resolved and the settlement was approved in final form on August 4, 1978.

. Parties have “some duty to move affirmatively to identify alleged factors of unfairness in the proposed compromise at the fact-finding level, not the appellate level (footnote omitted).” In re Blair, 538 F.2d 849, 851 (9th Cir. 1976).

. Appellants submitted to this court that their rights to due process were abrogated by the approval order of August 4, 1978. This would have been true if the two settlements had not been found to be the same. However, since they were the same the appellants had many chances to voice their dissatisfaction. They had notice of the May 18, 1978 hearing and failed to attend in addition to the fact that approximately two and one half months elapsed between the hearing and the approval order during which they could have raised objections. We find no due process violation.