**Elizabeth BROWN**

v.

**NATIONAL PERMANENT FEDERAL SAVINGS AND LOAN ASSOCIATION, Appellant.**

**No. 81–2131.**

United States Court of Appeals, District of Columbia Circuit.

Argued June 1, 1982.

Decided July 9, 1982.

---

Maurice Montaldi, with whom George H. Beuchert, Jr., Washington, D. C., was on the brief, for appellant.

Barry H. Gottfried, Washington, D. C., for appellee.

Before WILKEY, Circuit Judge, ROBB, Senior Circuit Judge, and FAIRCHILD,* Senior Circuit Judge for the Seventh Circuit.

Opinion PER CURIAM.

PER CURIAM:

This case arises under the Truth-in-Lending Act, 15 U.S.C. § 1601 *et seq.* (1976 & Supp. IV 1980). Plaintiff-appellee Elizabeth Brown brought suit against defendant-appellant National Permanent Federal Savings and Loan Association alleging that it failed to make statutorily required material disclosures in connection with a loan made to her and secured by a deed of trust upon her home. Brown sought rescission, statutory damages, costs and attorneys' fees and was granted summary judgment by the District Court. *Brown v. National Permanent Federal Savings and Loan Ass'n,* 526 F.Supp. 815 (D.D.C.1981). National Permanent appeals. We affirm the District Court in all respects but one.

Brown purchased a home in 1972 and financed it in part with a first trust loan from Enterprise Federal Savings and Loan Association. National Permanent is the successor to Enterprise Federal. On July 19, 1979 Brown executed a new promissory note to National Permanent in the amount of $44,800. The purpose of this refinancing was to obtain funds to undertake substantial repair work on her home. The balance due on the original mortgage, $13,211.20, was to be paid out of this amount and the remaining amount was escrowed by National Permanent for payment to the contractor as the rehabilitation work progressed. Prior to this, on July 17, Brown had signed a disclosure form provided by National Permanent which purported to contain the in-

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

formation required by the Act pertaining to the finance terms of the loan. On July 24 she signed a "Request to Creditor" form provided by National Permanent acknowledging receipt of all required material disclosures and directing appellant to disburse the funds from the escrow account to the contractor as the rehabilitation work was completed.

Brown made payments on the loan from August 1979 to October 1979. No further payments were made, although Brown claimed she tendered a partial payment in November which National Permanent refused to accept. In January 1980 National Permanent moved to foreclose on the loan and demanded payment in full. On July 18, 1980 Brown wrote to appellant seeking rescission on the ground that it had violated the Truth-in-Lending Act. On the same day she filed her complaint in the District Court requesting damages, costs and attorneys' fees. National Permanent informed her by letter dated July 25, 1980 that her attempted exercise of a right to rescission was untimely and ineffective. Brown amended her complaint on August 4, 1980 to include a request for rescission.

On October 6, 1981 the District Court granted summary judgment to plaintiff-appellee Brown and held she was entitled to rescission, statutory damages of $1,000, costs and attorneys' fees. National Perma-

nent's argument that rescission was not appropriate because Brown had not tendered the funds which had been expended for her benefit was rejected by the District Court for two reasons: (1) the statute does not require such a tender as a precondition to rescission; and (2) it was not clear that Brown would be unjustly enriched in the absence of a tender. 526 F.Supp. at 821–22. Brown did not actually receive the funds herself. Moreover, it was alleged that the repairs National Permanent paid for were of little or no value and would require $20,000 to $40,000 to correct. *Id.* at 817 n.2. The District Court therefore ordered rescission of the note to the extent it exceeded $13,211.20, the amount of Brown's indebtedness prior to the refinancing. *Id.* at 822.

■ Appellant National Permanent argues that rescission is not an appropriate remedy because the parties were not returned to the status quo that existed prior to the transaction. The rescission remedy in this case is statutorily granted by the Truth-in-Lending Act, 15 U.S.C. § 1635.[1] Under the statute, when an obligor exercises his right to rescind he is not liable for any finance or other charge and any security interest given by the obligor becomes void. Within ten days of receipt of a notice of rescission the creditor must return to the obligor any money or property received and must take any action necessary to reflect

---

[1]. The right to rescission is granted by 15 U.S.C. § 1635(a). Section 1635(b), as it currently reads, details the procedure to be followed:

(b) When an obligor exercises his right to rescind under subsection (a) of this section, he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission. Within ten days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. If the creditor has delivered any property to the obligor, the obligor may retain possession of it. Upon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor, except that if return of the property

in kind would be impracticable or inequitable, the obligor shall tender its reasonable value. Tender shall be made at the location of the property or at the residence of the obligor, at the option of the obligor. If the creditor does not take possession of the property within ten days after tender by the obligor, ownership of the property vests in the obligor without obligation on his part to pay for it.

15 U.S.C. § 1635(b) (1976). Under the 1980 amendments to the Truth-in-Lending Act, the ten day periods referred to in § 1635(b) have been changed to twenty days. Also, a sentence was added at the end of the section which states: "The procedures prescribed by this subsection shall apply except when otherwise ordered by a court." Pub.L.No.96–221, 94 Stat. 132, 175 (codified at 15 U.S.C. § 1635(b) (Supp. IV 1980)). These amendments do not take effect until October 1, 1982.

the termination of the creditor's security interest. Section 1635(b) also provides that the obligor may keep any property which the creditor has delivered. Once the creditor performs its statutory responsibilities, the obligor is to tender this property back to the creditor. If the creditor does not take possession of the property within ten days of tender by the obligor, the obligor is entitled to keep it.

■ By letter dated July 18, 1980, appellee Brown exercised her statutory right to rescind. The letter was addressed to M. Bradley Griggs, Vice President and Treasurer of National Permanent. National Permanent, however, did not perform the duties required by the Act. Instead, it notified Brown by letter on July 25, 1980 that her "purported exercise of a right of rescission is untimely and wholly ineffective." Letter from Maurice J. Montaldi, counsel for National Permanent Federal Savings and Loan Association, to Elizabeth J. Brown (July 25, 1980). Brown did not tender to National Permanent the money it had disbursed on her behalf, nor did National Permanent tender to Brown the payments she had made on the loan. As the District Court correctly noted, the statute does not require the debtor to tender first. *Rudisell v. Fifth Third Bank*, 622 F.2d 243, 254 (6th Cir. 1980); *Ljepava v. M. L. S. C. Properties, Inc.*, 511 F.2d 935, 944 (9th Cir. 1975); *Palmer v. Wilson*, 502 F.2d 860, 861 (9th Cir. 1974). Rather, under the sequence of events anticipated by the statute, the creditor must tender before the borrower's obligation arises. *Rudisell v. Fifth Third Bank*, 622 F.2d at 254; *Gerasta v. Hibernia*

*National Bank*, 575 F.2d 580, 584 (5th Cir. 1978).

■ The District Court correctly ruled that the question of whether Brown received any benefit from the repair work was irrelevant to her right to rescind. The question is relevant, however, in implementing the rescission remedy. Although the right to rescind is statutorily granted here, it remains an equitable doctrine subject to equitable considerations. In *Etta v. Seaboard Enterprises, Inc.*, 218 U.S.App. D.C. 254, 674 F.2d 913 (1982), a case arising under the Truth-in-Lending Act, this court recently said, "a court may condition the granting of rescission upon plaintiff's repayment of the principal amount of the loan to the creditor." *Id.* at 261, 674 F.2d at 919. Thus, district courts are to consider traditional equitable notions in applying the statutory grant of rescission. This interpretation is consistent with decisions of other circuits.[2]

In *Powers v. Sims and Levin*, 542 F.2d 1216 (4th Cir. 1976), plaintiffs had negotiated a loan to make home improvements and to repay existing debts. When a dispute over the improvements arose they invoked the rescission remedy, alleging the defendants had violated the Act's disclosure requirements. The plaintiffs offered to return the property which constituted the improvements, but refused to return the amount the defendants had expended in discharging the prior debts. The Fourth Circuit held the plaintiffs' rescission attempt was "fatally deficient." *Id.* at 1220. Plaintiffs benefited by having their debts

---

2. Congress recently amended the Act so as to make this interpretation even more obvious. As previously stated, *see* note 1 *supra*, Congress added a sentence to § 1635(b) which provides, "[t]he procedures prescribed by this subsection shall apply except when otherwise ordered by a court." Pub.L.No.96–221, 94 Stat. 132, 175 (codified at 15 U.S.C. § 1635(b) (Supp. IV 1980)). In discussing this provision, the Senate Report states:

Upon application by the consumer or the creditor, a court is authorized to modify this section's procedures where appropriate. For example, a court might use this discretion in a situation where a consumer in bankruptcy

or wage earner proceedings is prohibited from returning the property. The committee expects that the courts, at any time during the rescission process, may impose equitable conditions to insure that the consumer meets his obligations after the creditor has performed his obligations as required under the act.

S.Rep.No.96–368, 96th Cong., 1st Sess. 29 (1979), *reprinted in* 1980 U.S.Code Cong. & Ad.News 236, 264–65. Congress has therefore explicitly approved the application of equitable principles to the right of rescission granted by the Act.

paid off and the defendants, in seeking reimbursement of this amount as part of rescission, were merely seeking their "legal due." *Id.* Holding that section 1635 does not relieve a debtor from proffering full restoration to the creditor as a condition of rescission, the court said:

> Rescission is an equitable doctrine, and there is nothing in the statutory provision of the right of rescission or in § 1635(b)'s provision of the procedural steps in effecting the right of rescission which limits the power of a court of equity to circumscribe the right of rescission to avoid the perpetration of stark inequity or to require that that be done now which ought to have been done in the first place.... The district court, and we, exercising traditional equity powers, may condition the borrowers' continuing right of rescission upon their tender to the lender of all of the funds spent by the lender in discharging the earlier indebtedness of the borrowers as well as the value of the home improvements.

*Id.* at 1221–22. The court concluded:

> What we do hold is that when rescission is attempted under circumstances which would deprive the lender of its legal due, the attempted rescission will not be judicially enforced unless it is so conditioned that the lender will be assured of receiving its legal due.

*Id.* at 1222. The gist of the court's ruling in the *Powers* case is that rescission remains an equitable doctrine and it may be conditioned upon the return of property by the debtor.

In *Rudisell v. Fifth Third Bank*, 622 F.2d 243 (6th Cir. 1980), the plaintiffs sought to rescind a home improvement contract because of Truth-in-Lending disclosure violations. The plaintiffs argued that under the Act they were entitled to rescind, receive back all the money they had paid to the defendant, and keep the property they had received without paying for it. *Id.* at 254. The court held the plaintiffs were entitled to rescind under the statute, but conditioned rescission upon the return by the plaintiffs of the reasonable value of the property received by them. *Id.* The court noted that "since rescission is an equitable remedy the court may condition the return of monies to the debtor upon the return of property to the creditor." *Id.* Other courts also have found that rescission under the Act may be conditioned on return by the debtor of any money or property received. *See, e.g., Gerasta v. Hibernia National Bank*, 575 F.2d 580, 584 (5th Cir. 1978); *LaGrone v. Johnson*, 534 F.2d 1360, 1361 (9th Cir. 1976); *Palmer v. Wilson*, 502 F.2d 860, 861–62 (9th Cir. 1974).

*Sosa v. Fite*, 498 F.2d 114 (5th Cir. 1974), a case cited by the District Court, is not to the contrary. In the *Sosa* case, the Fifth Circuit held that rescission need not be conditioned upon the return of the property by the debtor to the creditor. Sosa, the plaintiff, had offered to return the property at issue in her notice to the creditor invoking her right to rescission. This offer elicited no response from the creditor. The court therefore found that Sosa was entitled to keep the property and to rescind:

> Sosa's express offer of restoration fell on deaf ears, thereby rendering applicable, upon the creditor's failure to comply with section 1635(b), the plain directive of the statute: "If the creditor does not take possession of the property within ten days after tender by the obligor, ownership of the property vests in the obligor *without obligation on his part to pay for it.*" 15 U.S.C.A. § 1635(b) (emphasis supplied)

498 F.2d at 119. The debtor's obligation to restore the creditor to the status quo ante was discharged by the offer which accompanied the notice of rescission. *Id.* The court was careful to distinguish, however, situations in which the debtor does not attempt to return the proceeds but is merely trying to avoid an unwanted transaction. *Id.* In such a situation the court stated the debtor should be required to return any proceeds to the creditor since the statute is "clearly designed to restore the parties as much as possible to the *status quo ante.*" *Id.* In the case at bar Brown did not offer to return the proceeds to National Permanent when

she invoked rescission. Thus, this case is similar to *Gerasta v. Hibernia National Bank*, 575 F.2d 580 (1978), in which the Fifth Circuit distinguished its prior decision in *Sosa v. Fite* on the basis of the debtor's failure to accompany the notice of rescission with an express offer to return the creditor's property.[3]

The District Court also relied on *French v. Wilson*, 446 F.Supp. 216 (D.R.I.1978), wherein the court expressly adopted the reasoning of the *Sosa* case and held that the creditor's failure to comply with the statutory requisites entitled the debtor to retain the loan proceeds. *Id.* at 220 & n.7. As previously noted, however, *Sosa v. Fite* is not only distinguishable from the case at bar, but its reasoning was subsequently questioned by the Fifth Circuit. We therefore reject the rationale of *French v. Wilson* for these reasons and because it reaches a result which we consider to be unjust.

■ The District Court erred by failing to recognize it had the equitable power to condition rescission upon the return of the loan proceeds by Brown. Under the Truth-in-Lending Act, the right of rescission is granted by statute but application of the remedy is governed by equitable principles. Therefore, the case is remanded to the District Court for a determination of whether the appellee Brown received any benefit from the rehabilitation work, and if so whether rescission should be conditioned on the return by appellee of the fair value of the work performed on her house. In all other respects the judgment of the District Court is affirmed.

*So ordered.*

**3.** Moreover, the Fifth Circuit has questioned the continuing validity of the *Sosa* case insofar as it holds that rescission need not be conditioned upon a return of the creditor's property. In *Rollins v. Dwyer*, 666 F.2d 141 (5th Cir. 1982), the Fifth Circuit noted:

   The state court cited this Court's decision in *Sosa v. Fite*, 498 F.2d 114 (5th Cir. 1974) as authority for relieving the obligors of the obligations of tendering the loan proceeds. In view of *Gerasta v. Hibernia National Bank*, 575 F.2d 580 (5th Cir. 1978), the correctness of this ruling is doubtful, at best. 666 F.2d at 144 n.5.