Bernstein, J.
Appellant brought suit against appellees alleging a violation of the federal Consumer Leasing Act, 15 U.S.C. §1667. He sought $1,000.00 in damages, the maximum allowable by the statute. In a careful and thoughtful analysis, the trial judge allowed appellant’s motion for summary judgment, but awarded damages in the amount of $300.00 plus interest and costs. Appellant filed a Motion for Reconsideration of Judgment as to Damages, based on the premise that the federal statute in this case does not allow for less than $1,000. Appellant now appeals on the amount of damages only.
The federal Truth in Lending Act, 15 U.S.C. 1640 (a) (2) (A) (ii), which expressly governs civil liability for violations of the Consumer Leasing Act, establishes an award of “... 25 per centum of the total amount of monthly payments under the lease, except that the liability under this subparagraph shall not be less than $100 nor greater than $1,000.” Appellant seeks a literal reading of the statute as requir *280 ing the $1,000.00 maximum amount of statutory damages for any and all violations of the Act. We do not feel compelled to adopt such an interpretation.
In the case before us, the trial judge found that appellee had committed one minor technical violation of the Consumer Leasing Act. We find that the trial judge acted well within her discretion in granting less than $1,000 in damages.
See Mitchell v. Security Investment Corporation of the Palm Beaches, 464 F. Supp. 650 (1979), wherein the court held that damages pursuant to 15 U.S.C. §1640 are not mandatory, and in fact may be denied entirely if they are deemed inappropriate.. Id. at 653. While the circumstances of Mitchell, supra dictated that statutory damages were an appropriate remedy for the defendant’s five violations of the Truth in Lending Act, the holding also makes clear that awarding damages is discretionary.
Accordingly, the appeal of plaintiff/appellant Jeffrey Lasman is hereby dismissed.