Jannette CARR,
Plaintiff-Appellee-Cross-Appellant,

v.

BLAZER FINANCIAL SERVICES, INC.
OF GEORGIA,
Defendant-Appellant-Cross-Appellee.

No. 76–4396.

United States Court of Appeals,
Fifth Circuit.

July 23, 1979.

Frank P. Brannen, Savannah, Ga., Arthur Gregory, Atlanta, Ga., for defendant-appellant-crŏss-appellee.

Herman G. Okhuysen, Savannah, Ga., for plaintiff-appellee-cross-appellant.

Before MORGAN, RONEY and VANCE, Circuit Judges.

RONEY, Circuit Judge:

This truth-in-lending case raises questions similar to those decided in the companion case of *Plant v. Blazer Financial Services, Inc.*, 598 F.2d 1357 (5th Cir. 1979), and its disposition is in large part based upon the Court's reasoning in *Plant*. 15 U.S.C.A. § 1601 *et seq.*; 15 U.S.C.A. § 1640(a). In addition, we here decide that failure to disclose the 10-day limit in the after-acquired property clause constitutes a truth-in-lending violation, but reject plaintiff debtor's cross-appeal challenge to the adequacy of the attorney's fee award.

On March 18, 1974, plaintiff Jannette Carr co-signed a note in favor of defendant Blazer Financial Services, Inc. of Georgia in the principal sum of $1,800.00. The note included a security agreement containing the following after-acquired property clause:

> To secure the payment of the above described loan and any future advances to the undersigned, Debtor(s) grant(s) a

security interest to the Secured Party in the following described property:

\*   \*   \*   \*   \*   \*

(4) All accessions to, substitutions for, replacements of and proceeds from the described collateral and all other after-acquired property of like nature.

Approximately one year later, the note being in default, plaintiff filed this civil action under the Truth-in-Lending Act, 15 U.S. C.A. § 1639(a) and Regulation Z, 12 C.F.R. § 226.8(b)(5) (1978). Defendant filed a counterclaim for the balance due on the note.

The district court held that the after-acquired property clause violated the Act since it failed to disclose that state law limited defendant's security interest in after-acquired property to property acquired within ten days of the time that value was given. Plaintiff was awarded $688.56 damages and $400.00 in attorney's fees. The court then found that the note was in default and awarded defendant a judgment of $1,578.41 and $236.76 attorney's fees on the counterclaim. Plaintiff's damage recovery was setoff against the amount due on the counterclaim, leaving a net indebtedness in defendant's favor. The court specifically held, however, that the attorney's fees were to be awarded directly to plaintiff's counsel and were not subject to setoff. Defendant appeals plaintiff's judgment on the original claim and the direct award of attorney's fees. Plaintiff cross-appeals the amount of the fee award.

■ We affirm the district court's decision as to the truth-in-lending violation. Under a Federal Reserve Board regulation issued pursuant to the Truth-in-Lending Act, 12 C.F.R. § 226.8(b)(5) (1978), there must be disclosure that the secured interest in after-acquired property was limited to property acquired within ten days under the Uniform Commercial Code. Ga.Code Ann. 109A–9–204(2).

The regulation provides:

If after-acquired property will be subject to the security interest, or if other or future indebtedness is or may be secured by any such property, this fact shall be clearly set forth in conjunction with the description or identification of the type of security interest held, retained or acquired.

12 C.F.R. § 226.8(b)(5) (1978).

Ga.Code Ann. 109A–9–204(2) provides:

No security interest attaches under an after-acquired property clause to consumer goods other than accessions (section 109A–9–314) when given as additional security unless the debtor acquires rights in them within 10 days after the secured party gives value.

A panel of this Court has already decided this issue in *Pollock v. General Finance Corp.*, 535 F.2d 295 (5th Cir. 1976), *petition for rehearing denied*, 552 F.2d 1142, *cert. denied*, 434 U.S. 891, 98 S.Ct. 265, 54 L.Ed.2d 176 (1977), and we are bound by its decision. *United States v. Lewis*, 475 F.2d 571, 574 (5th Cir. 1972).

■ We also affirm the district court's decision that attorney's fees should not be subject to setoff for the reasons set forth in *Plant v. Blazer Financial Services, Inc.*, *supra*. In that opinion, we indicated that the trial court would have discretion to develop an appropriate mechanism by which the attorney could be paid. The method chosen here, the direct payment of fees to plaintiff's attorney, does not constitute an abuse of discretion.

Plaintiff disputes the $400.00 award and claims $1,505.00 instead. This larger figure was evidently reached by multiplying the amount of time allegedly spent on this case by the attorney's usual fee of $50.00 per hour.

■ An award of attorney's fees will be modified only upon proof of an abuse of discretion. *Thomas v. Myers-Dickson Furniture Co.*, 479 F.2d 740, 748 (5th Cir. 1973). The principles which should guide the district court in the exercise of its discretion are set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–719 (5th Cir. 1974). Although *Johnson* was

brought under Title VII of the Civil Rights Act of 1964, its guidelines have been expressly made applicable to the Truth-in-Lending Act by this Court. *See, e. g., Gerasta v. Hibernia National Bank,* 575 F.2d 580, 584 (5th Cir. 1978).

■ The record, however, provides no evidence upon which a review of the trial court's exercise of discretion may be based. The record reveals only that plaintiff's attorney informed the court of the number of hours spent and his regular fee in a discussion in open court. No fee application with an affidavit attached was presented. No testimony was proffered to justify the time spent on the case.

■ The burden rests on the party seeking an attorney's fee award to file a fee application and proffer proof going to the *Johnson* guidelines before the trial court. While a trial court should adhere to the *Johnson* standards, it is not to be expected, as plaintiff suggests, that the trial court must take the initiative in ferreting out the relevant facts. As is the case with any issue upon which plaintiff has the burden of proof, the failure of the district court to make *Johnson* findings due to the lack of sufficient evidence cannot be error. The attorney's fee award is therefore affirmed.

Plaintiff has prevailed upon appeal, however, and attorney's fees should be recalculated to award additional fees as compensation for work in connection with the appeal. *Thomas v. Myers-Dickson Furniture Co., supra.* We are sure that in determining the amount the able judge will take into account the fact that the plaintiff's attorney has represented his client well in this difficult and somewhat uncharted area of the law.

AFFIRMED AND REMANDED.

VANCE, Circuit Judge, dissenting in part and concurring in part.

For the reasons stated in my separate opinion in *Plant v. Blazer Financial Serv-* *ices, Inc.,* 598 F.2d 1357, (5th Cir. 1979), I dissent from the implicit holding that defendant's counterclaim was compulsory. In all other respects, I concur in the majority opinion.