Roscoe JAMES, Plaintiff,

H. Diana Hicks, Intervenor-Appellant,

v.

HOME CONSTRUCTION COMPANY OF
MOBILE, INC., et al.,
Defendants-Appellees.

No. 81–7590
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Oct. 25, 1982.

H. Diana Hicks, Boston, Mass., for inter-
venor-appellant.

Marr & Friedlander, Nathan Friedlander,
Richard L. Thiry, Mobile, Ala., for defend-
ants-appellees.

Before TJOFLAT, JOHNSON and
HATCHETT, Circuit Judges.

JOHNSON, Circuit Judge:

Attorney H. Diana Hicks represented
plaintiff Roscoe James on a statutory fee
basis in an action for rescission and dam-
ages under the Truth-in-Lending Act, 15
U.S.C.A. §§ 1601 *et seq.* ("TILA"), against
the Home Construction Company. After
handling much of the work on the case,
which involved a successful appeal to this
Court, Hicks moved out of state and associ-
ated the Legal Services Corporation of Ala-
bama to continue James' representation.
James, through Legal Services, successfully
settled the case, obtaining cancellation of
the mortgage on his home, cancellation of
his $2,100.00 indebtedness to Home Con-
struction, and $2,000.00 in cash. Legal
Services waived its claim to attorney's fees,
but in the settlement negotiations fees for
Ms. Hicks were expressly left open for the
court to determine.

After the district court dismissed the case
with prejudice pursuant to the settlement,
Hicks petitioned the court for award of
attorney's fees under 15 U.S.C.A.

§ 1640(a)(3). The court initially found that she had standing to seek fees, but subsequently reversed itself and dismissed the petition, holding that a plaintiff's attorney in a TILA case does not have standing to seek fees after settlement of the case-in-chief. We reverse.

▮ In order to determine that a successful attorney in a TILA case has standing to seek fees after settlement of the plaintiff's claim we must find that the lawyer's claim to fees is cognizable under Article III and that the Truth-in-Lending Act confers a right of action upon an attorney to seek fees.[1] *See Lipscomb v. Wise,* 643 F.2d 319, 320–21 (5th Cir. 1981); *cf. Warth v. Seldin,* 422 U.S. 490, 500, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975) ("[A]part from Art. III's minimum requirements ... the standing question [in public disputes] is whether the ... statutory provision on which the claim rests can be understood as granting persons in the plaintiff's position a right to judicial relief.").

▮ Section 1640(a)(3) of the Truth-in-Lending Act creates a legal right to a fee award in a successful action for rescission. *Gerasta v. Hibernia National Bank,* 575 F.2d 580, 584 (5th Cir. 1978).[2] The fact that a plaintiff prevails through settlement should not weaken this claim to fees. *See Maher v. Gagne,* 448 U.S. 122, 129, 100 S.Ct. 2570, 2574, 65 L.Ed.2d 653 (1980) (fee award under 42 U.S.C.A. § 1988). Contrary to dicta in *Smith v. South Side Loan Co.,* 567 F.2d 306, 307 (5th Cir. 1978), suggesting that attorney's fees are the right of the party suing, we find that it is the attorney who is entitled to fee awards in a TILA case, not the client. This finding is supported by cases holding that a court may directly pay the attorney, *Carr v. Blazer Financial Services, Inc.,* 598 F.2d 1368, 1370 (5th Cir. 1979), and that the award is not subject to setoff. *Plant v. Blazer Financial Services, Inc.,* 598 F.2d 1357, 1365 (5th Cir. 1979). Denial of this right to attorney's fees would constitute injury in fact, *see Warth v. Seldin, supra,* 422 U.S. at 500, 95 S.Ct. at 2205, so an attorney's claim is cognizable under Article III.

▮ *Smith v. South Side Loan Co., supra,* 567 F.2d at 307, held that TILA does not

1. We disagree with the parties' suggestion that the standing test of *Data Processing Service v. Camp,* 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970), has universal application outside the context of the Administrative Procedure Act ["APA"]. Under the *Data Processing* test, if injury in fact is shown, standing will be granted so long as the interest sought to be protected is arguably within the zone of interests to be protected by the relevant statute. *Id.* at 152–53, 90 S.Ct. at 829–830. In Section 702 of the APA, Congress expressly provided a right of action for persons "adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C.A. § 702. The "zone of interest" test is used to determine what parties are "adversely affected or aggrieved" and thus entitled to a right of action under the APA. *See* C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure: Jurisdiction § 3531, p. 196 (1975). Outside the context of the APA a right of action should not be recognized merely because an injured party is within the zone of interests of a relevant statute. For example, consumers are within the zone of interests of the Federal Trade Commission Act, 15 U.S.C.A. §§ 41 *et seq.,* which prohibits unfair methods of competition, but they may not sue under the Act. *Holloway v. Bristol-Myers Corp.,* 485 F.2d 986 (D.C.Cir.1973).

Moreover, regulatory statutes like the Securities Exchange Act, 15 U.S.C.A. §§ 78a–78kk, are designed to protect the public, but providing standing for all injured members of the public would result in overenforcement. *See* Frankel, Implied Rights of Action, 67 U.Va.L. Rev. 553, 570–78 (1981); *see also Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975).

2. The *Gerasta* Court interpreted the statute as providing that a creditor's refusal to comply with the rescission provisions of Section 1635(b) triggers attorney's fee liability under Section 1640(a)(3). 575 F.2d at 584. This reading of the statute, which is binding on this Court, is supported by the legislative history of the 1980 amendments to Section 1640 which specifically provide for attorney's fees in rescission actions after October 1, 1982. According to the Senate Report, "[t]he bill also makes explicit that a consumer may institute suit under [section 1640] to enforce the right of rescission and recover costs and attorney's fees in a successful action." S.Rep.No.368, 96th Cong., 2d Sess. 32, *reprinted in* 1980 U.S.Code Cong. & Ad.News 236, 268.

accord a plaintiff's attorney party status to continue the case-in-chief of a lawsuit after the plaintiff has settled the suit. The case before us presents a different question. We are asked to decide whether TILA provides a right of action for an attorney to seek fees after settlement. The key to the inquiry is the intent of the legislature. *Middlesex County Sewerage Authority v. National Sea Clammers Ass'n,* 453 U.S. 1, 12, 101 S.Ct. 2615, 2622, 69 L.Ed.2d 435, 446 (1981). One of the congressional goals underlying TILA was the creation of a system of private attorneys general who could effectively enforce the Act without government intervention. *Sosa v. Fite,* 498 F.2d 114, 121 (5th Cir. 1974); *Bizier v. Globe Financial Services, Inc.,* 654 F.2d 1, 2 (1st Cir. 1981). The award of attorney's fees, as a practical matter, is a critical and integral part of this plan. *See Plant v. Blazer Financial Services, Inc., supra,* 598 F.2d at 1365. In order to effectuate this scheme, attorneys who bring TILA cases should be secure in their expectation of fees from a successful action, and should be able to pursue their right to fees in federal court. If settlement of a TILA case precluded the plaintiff's attorney from seeking a fee award, nothing would prevent indigent clients, who have no financial interest in statutory fee awards, from freely bargaining them away without personal detriment. Such a result would enable creditors who have violated the Act to escape liability for attorney's fees; such a practice would thwart both the statute's private enforcement scheme and its remedial objectives. *See id.* at 1366. Congress could not have intended such a result. We therefore find that the Truth-in-Lending Act creates a right of action for attorneys to seek fee awards after settlement of the plaintiff's claim.

We REVERSE the district court's dismissal of Ms. Hicks' petition, and REMAND for a determination of reasonable attorney's fees.