453 So.2d 141 (1984)
Michael J. LUCAS, Jr. and Elizabeth N. Lucas, Appellants,
v.
Neal D. EVANS, Jr., Tom B. Stewart, Jr., Alan C. Winter, Jr., Earl Brown and Julian Warren, Appellees.
No. AV-132.
District Court of Appeal of Florida, First District.
July 13, 1984.
Nathan Weil, III of Weil, Johnson & Benson, Jacksonville, for appellants.
Stanley B. Gelman, Griffin Helwig, and Neal D. Evans, Jr., Jacksonville, for appellees.
*142 ERVIN, Chief Judge.
Appellants challenge the trial court's final judgment requiring certain improvements to offices leased to appellees and awarding the appellees' attorneys' fees. Appellees (lessees) cross-appeal the court's failure to require the appellants to make other improvements to the property as required either by two leases or by law in existence at the time of the leases' execution. We affirm the judgment as to issues raised on appeal, but, as to the cross-appeal, reverse and remand.
In 1972, appellees-lessees entered into two leases of office space with Rowlab, Inc., appellants' predecessor. The leases required that Rowlab perform certain remodeling and repair work, as described in the plans and specifications attached and made a part of the leases. During the lessees' tenancy, numerous breaches by Rowlab occurred, including the failure to bring the premises up to the standards required by the plans and specifications. Understanding Rowlab to be in financial difficulty, the lessees did not then insist upon adherence to the remodeling schedule specified in the leases.
In 1980, the appellants acquired title to the property from Rowlab. Before the purchase, they sought a release from the lessees, seeking to release them from all liability for Rowlab's breaches. The release was obtained with the express understanding that appellants would agree, which they did, to make all repairs and improvements necessary to conform the property to the plans and specifications attached to the leases. After the appellants acquired title, additional breaches occurred. Repairs and improvements were not performed, and the appellees filed the suit below, seeking declaratory judgment, specific performance, injunctive and other relief.
Summary judgment was entered in favor of the appellees, resulting in the entry of a final judgment, ordering the appellants to undertake certain improvements to the leased premises, including installation of restroom exhaust fans, and awarding to appellees attorney's fees in the amount of $25,100. The judgment, however, did not require appellants to make certain repairs to the sidewalks and curbs, or to perform the cornice work as described in the plans and specifications.
The appellants allege error in the judgment finding that installation of restroom exhaust fans was required by a provision of the Florida Administrative Code which was not in effect at the time the leases were executed. This contention, however, misperceives the foundation of the trial court's ruling. The order directing appellants to install the fans was based on a finding that such action was necessary to conform the property to the standards of the plans and specifications, as the appellants are required to do by the terms of the leases, which placed such burden first on Rowlab and then on its successors in interest. While the failure of the lessees to press Rowlab to perform the work during its period of financial trouble may have waived the leases' requirement of performance within specified time periods, our consideration of the lessees' intent in not insisting on Rowlab's performance dictates that their action should not be so broadly construed as to waive impliedly the covenanted performance itself. See 22 Fla. Jur.2d Estoppel and Waiver § 89. Additionally, the release given to the appellants was expressly conditioned upon their agreement to perform the repairs and improvements necessary to conform the premises to the requirements of the leases. Thus, even had the terms of the leases been waived, the release constitutes an independent contract binding the Lucases to the performance ordered by the court below. See 10 Fla.Jur.2d Compromise, Accord and Release §§ 24, 35.
The award of attorney's fees is a matter committed to sound judicial discretion, not to be disturbed on appeal, absent a showing of clear abuse of discretion. 3 Fla.Jur.2d Appellate Review § 339. The trial court's award was supported by the affidavits of three reputable attorneys familiar both with the work of lessees' counsel *143 as well as the legal fees prevailing in the area. Affiants attested to having reviewed the case file, the applicable law, and factors established by the Code of Professional Responsibility in formulating their opinions as to a reasonable fee. As the affidavits constitute sufficient bases for the determination of an attorney's fee, and the actual fee awarded was significantly less than the figures suggested, no abuse of discretion warranting the intervention of this court has been shown.
As to the cross-appeal, the trial court's failure to order compliance with the plans and specifications regarding the sidewalk, curb and cornice work is contrary to its findings of fact and law otherwise made. The order predicated upon pretrial conference and plaintiff's motion for partial summary judgment clearly states that these matters were repairs and improvements required by the plans and specifications of the leases and that such had not been performed in compliance with the standards required by the specifications. The final judgment held that the appellants were bound by the leases and ordered them to make other improvements conforming the premises to the specifications. Inconsistently, however, the work on the sidewalks, curbs and cornice was not included in the order directing specific performance. As there is no apparent reason to distinguish the appellants' obligation to perform this work from their obligation to install restroom exhaust fans and do other work necessary to conform the premises to the specifications, we reverse and remand for entry of an order affording appellee such other relief as is consistent with this opinion.
BOOTH and WENTWORTH, JJ., concur.