BASKIN, Judge.
Following a non-jury trial, the trial court permanently enjoined appellants Dynamic Cablevision of Florida, Inc. [Dynamic], and condominium unit owners, Robert L. Stra-swer and Edna Jacobson, from installing television cable on Biltmore II Condominium’s exterior walls. In their ensuing appeal, appellants Strawser and Jacobson assert that the trial court’s ruling deprived them of the right to obtain cable television, a right expressly granted unit owners by the Declaration of Condominium. Appellants cite the refusal of appellee Biltmore II Condominium Association, Inc. [Association] to allow Dynamic to install cable on the exterior of the building as a violation of both public policy and applicable law. The Association cross-appeals the trial court’s order awarding it costs and attorney’s fees; it claims that the court abused its discretion by awarding fees below the amount established by the evidence. We affirm both the final judgment and order on fees.
The parties asked the trial court to decide whether the Declaration of Condominium granted the unit owners an unconditional right to allow Dynamic to install its television cable on the exterior of the Bilt-more II Condominium building. The trial court answered the question in the negative, finding:
1. The [Association] is a Florida corporation, not-for-profit, and a Condominium Association, organized and operating pursuant to Chapter 718, Fla.Stat. [(1983). The Association] is the entity responsible for the maintenance and operation of the condominium property known as BILTMORE II CONDOMINIUM in Dade County, Florida.
2. Defendant DYNAMIC CABLEVISION OF FLORIDA, INC., is a Florida corporation doing business in Dade County, Florida.
3. Defendant STRAWSER is the fee simple owner of Unit 519 at BILTMORE II CONDOMINIUM, and currently occupies and resides in said unit. Defendant JACOBSON is the fee simple owner of *634 Unit 220 of BILTMORE II CONDOMINIUM, and currently resides in said unit. Defendants STRAWSER and JACOBSON are members of [the Association].
4. Defendant DYNAMIC CABLEVISION plans and intends to come upon the condominium property for the purpose of wiring all or a portion of said property for its cable television service. Defendant DYNAMIC CABLEVISION intends to install its wiring with a set of cables running vertically on the exterior of the building to each stack of apartments, or to those apartments requesting service. Defendants STRAWSER and JACOBSON have requested such service to their apartments, and have purported to give to DYNAMIC authorization to install its system by the aforesaid method.
5. The Declaration of Condominium for BILTMORE II CONDOMINIUM ASSOCIATION has been recorded among the public records of Dade County, Florida, and is a covenant running with the land. Furthermore, pursuant to Section 718.104(7), Fla.Stat. [(1983)], all provisions of the Declaration of Condominium are enforceable equitable servitudes which run with the land. Therefore, all such provisions are binding on all of the parties herein.
6. Article XVIII of the Declaration of Condominium for BILTMORE II prohibits unit owners from causing any improvements or changes to the exterior of the building, including painting, installation of electric wires, T.V. antennae or other materials which would change the appearance of the exterior of the building, unless consent has been given by the [Association]. Section XXX(E) of the Declaration of Condominium provides a conditional right for unit owners to bring cable television services to their units, without action of the Board of Directors, “as other utility services may be extended to the condominium units, providing that such installation shall not be unsightly and that such installation shall not interfere with the reasonable, lawful and peaceful use of the common ele-ments_” Section XXX(E) further recites that neither the Association nor any other entity shall have an obligation to provide or install cable television facilities.
7. The [Association’s] Board of Directors has taken various steps to consider the [Dynamic’s, Strawser’s and Jacobson’s] proposed method of installation, including without limitation consultation with the architect who designed the building, and observations of another building where a similar method has been used. The Board of Directors has determined that [Dynamic’s, Strawser’s and Jacobson’s] proposed method of installation would be unsightly at BILT-MORE II. The Court finds this to be a reasonable decision of the [Association’s] directors.
8. The [Association] has established, by the greater weight of the evidence, its entitlement to the requested injunctive relief....
We agree.
The trial court recognized that the Declaration of Condominium granted the unit owners only a conditional right to obtain cable services, not an absolute right, and that the unit owners’ authorization for Dynamic’s installation did not comply with Declaration standards. The trial court appropriately ruled that the Association’s decision to reject exterior installation because it was unsightly was based on reasonable grounds. See Lyons v. King, 397 So.2d 964 (Fla. 4th DCA 1981); Juno By The Sea North Condominium, v. Manfredonia, 397 So.2d 297, 301, 302 (Fla. 4th) (on reh’g), review denied, 402 So.2d 611 (Fla.1981); see also White Egret Condominium, Inc. v. Franklin, 379 So.2d 346, 350 (Fla.1979).
Urging reversal, appellants maintain that the Association’s refusal to permit exterior installation violates the public policy of both the City of Coral Gables and of Dade County by denying unit owners access to the educational and municipal programming available on Dynamic’s cable system. We are not persuaded by appellants’ argument. The Association’s rejec *635 tion of one installation method does not prevent Dynamic from providing the desired services through acceptable means. Thus, we discern no violation of public policy by the Association.
Appellants further contend that the Association denied them statutory rights. They argue that the Association’s refusal to pay the higher costs associated with interior installation results in an increased cost burden on unit owners, who will be forced to pay higher charges than those normally paid for similar services by residents of single-family homes in the surrounding area, in violation of section 718.-1232, Florida Statutes (1983).[1] The Association counters by noting that section 718.-1232 permits providers and residents to agree to installation charges that differ from those charged single-family residents in their area. After analyzing the parties’ contentions, we agree that the Association has not violated section 718.1232. On the contrary, the Association approved a wiring plan for interior installation whereby all residents of Biltmore II would have access to Dynamic’s services.
Under the circumstances of this case, we find no abuse of the trial court’s discretion in the attorney’s fee award. See Lucas v. Evans, 453 So.2d 141 (Fla. 1st DCA 1984).
Affirmed.

. Section 718.1232, Florida Statutes (1983), provides:
Cable television service; resident’s right to access without extra charge. — No resident of any condominium dwelling unit, whether tenant or owner, shall be denied access to any available franchised or licensed cable television service, nor shall such resident or cable television service be required to pay anything of value in order to obtain or provide such service except those charges normally paid for like services by residents of, or providers of such services to, single-family homes within the same franchised or licensed area and except for installation charges as such charges may be agreed to between such resident and the provider of such services.