JORGENSON, Judge.
Fidelity and Deposit Company of Maryland appeals a final judgment awarding DiStefano Construction, Inc., attorney’s fees and ordering an increase in the lien transfer bond. For the following reasons, we reverse.[1]
Fidelity and Deposit Company was the surety on a lien transfer bond issued on a claim of mechanic’s lien filed by DiStefano Construction. DiStefano sued to foreclose on the lien. Following a trial, the court entered an order of foreclosure against the lien transfer bond. This court affirmed the judgment of foreclosure, Larjim Management Corp. v. DiStefano Constr., Inc., 534 So.2d 814 (Fla. 3d DCA 1988), and awarded attorney’s fees for the appeal, to be set by the trial court. DiStefano moved for attorney’s fees pursuant to section 627.428, Florida Statutes (1987) and also sought an order increasing the transfer of lien bond.[2] The trial court awarded DiStefano attorney’s fees and costs totalling $52,400, to be paid by the surety, Fidelity. The trial court further ordered the lien transfer bond increased “in an amount sufficient to include the award made herein....”
The trial court erred in ordering the lien transfer bond increased beyond the amount authorized by statute. Section 713.24, Florida Statutes (1986), only authorizes payment of costs up to $500. This court has held that “a mechanic’s lien transferred to a surety bond may be increased to include costs, which may include the prevailing party’s attorney’s fees, but ... such costs may not exceed $100.00”.[3] Old General Ins. Co. v. E.R. Brownell & Assocs., Inc., 499 So.2d 874, 875 (Fla. 3d DCA 1986). When the costs exceed the statutory amount, the lienor is left with an unsecured judgment for the balance. Id. See also Williams, Hatfield & Stoner, Inc. v. A & E Design, Inc., 538 So.2d 505 (Fla. 4th DCA 1989).
We decline to follow the decision of the fifth district in U.S. Fire Ins. Co. v. Sheffield Steel Prod., Inc., 533 So.2d 782, 783 (Fla. 5th DCA 1988), rev. denied, 542 So.2d 989 (Fla.1989), which held that a surety on a transfer of lien bond “is additionally liable for attorney’s fees by way of *847 statute, section 627.428(1), Florida Statutes (1987), independent of the language of the bond.” Section 627.428(1) provides that
Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court, or in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured’s or beneficiary’s attorney prosecuting the suit in which the recovery is had.
Section 627.428 is part of a section of the Florida Statutes entitled “Insurance Rates and Contracts” and does not apply to proceedings on mechanic’s liens, which are addressed by a separate section of the Florida Statutes, Chapter 713. Section 713.29 expressly provides that “[i]n any action brought to enforce a lien under part I, the prevailing party shall be entitled to recover a reasonable fee for the services of his attorney for trial and appeal, to be determined by the court, which shall be taxed as part of his costs, as allowed in equitable actions.” There is no need, therefore, to look to section 627.428 for authority to award attorney’s fees in an action to foreclose on a mechanic’s lien.
We certify conflict with the fifth district on the issue of whether section 627.428(1) provides for an award of attorney’s fees in an action to foreclose on a mechanic’s lien secured by a transfer of lien bond.
As to the issue raised in the cross-appeal, we find no merit.
Reversed in part, affirmed in part, and remanded for further proceedings consistent with this opinion.

. On the cross-appeal, we affirm the trial court’s reduction in the number of hours reasonably expended.

. DiStefano moved for attorney’s fees in December, 1988. Fidelity had paid the judgment of foreclosure, plus interest, six months earlier.

.Section 713.24 now provides for costs of up to 1500.00.