597 So.2d 248 (1992)
DiSTEFANO CONSTRUCTION, INC., etc., Petitioner,
v.
FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Respondent.
No. 76353.
Supreme Court of Florida.
February 6, 1992.
Rehearing Denied May 26, 1992.
Ronald P. Gossett of Gossett & Gossett, P.A., Hollywood, for petitioner.
Patricia H. Thompson and Ubaldo J. Perez, Jr. of Popham, Haik, Schnobrich & Kaufman, Ltd., Miami, for respondent.
HARDING, Justice.
We have for review Fidelity & Deposit Co. v. DiStefano Construction, Inc., 562 So.2d 845 (Fla. 3d DCA 1990), based upon certified direct conflict with U.S. Fire Insurance Co. v. Sheffield Steel Products, Inc., 533 So.2d 782 (Fla. 5th DCA 1988), review denied, 542 So.2d 989 (Fla. 1989), on the issue of whether section 627.428(1), Florida Statutes (1987),[1] provides for an *249 award of attorney's fees in an action to foreclose on a mechanic's lien secured by a transfer-of-lien bond. We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution.
Fidelity and Deposit Company (Fidelity) was the surety on a lien-transfer bond[2] in the amount of $26,060 issued on a claim of mechanic's lien filed by DiStefano Construction (DiStefano). DiStefano sued to foreclose on the lien. Following a trial, the court entered an order of foreclosure against the lien-transfer bond for $20,568.11, plus costs and attorney's fees. The Third District Court of Appeal affirmed the judgment of foreclosure and awarded attorney's fees for the appeal, to be set by the trial court. Pursuant to section 627.428, the trial court awarded DiStefano attorney's fees and costs totalling $52,400, to be paid by the surety, Fidelity. The trial court ordered an increase in the lien-transfer bond to cover this award of fees, and also reduced the attorney hours by thirty percent to reflect the time expended on the issue of late service of the contractor's affidavit, which the trial court attributed to the fault of counsel for DiStefano.
On appeal, the district court determined that the trial court erred in ordering the lien-transfer bond increased beyond the $500 amount authorized by section 713.24(1)(b), Florida Statutes (1987).[3] The district court also declined to look to section 627.428 for authority to award attorney's fees in an action to foreclose on a mechanic's lien. Accordingly, the district court reversed the increase in the lien-transfer bond and certified conflict with the Fifth District Court of Appeal on the applicability of section 627.428. As to the attorney-hours issue raised in the cross appeal, the district court affirmed the reduction in the number of hours reasonably expended.
DiStefano argues that the attorney's fees provision in section 627.428 is applicable to Fidelity as an insurer under the Florida Insurance Code. We do not agree with this interpretation. The award of attorney's fees under section 627.428, the general attorney's fees provision of the Florida Insurance Code, is specifically mandated in a number of circumstances, including against sureties issuing payment bonds or performance bonds[4] and against auto insurers contesting policy benefits under the provisions of the "Florida Motor Vehicle No-Fault Law."[5] There is no corresponding authorization of section 627.428 attorney's fees against a surety issuing a transfer-of-lien bond. Instead, mechanic's lien proceedings are governed by Chapter 713 of the Florida Statutes. Section 713.29, Florida Statutes (1987), provides that a prevailing party in a mechanic's lien enforcement *250 action is entitled to recover attorney's fees "which shall be taxed as part of [the prevailing party's] costs." Accordingly, we agree with the court below that "[t]here is no need ... to look to section 627.428 for authority to award attorney's fees in an action to foreclose on a mechanic's lien." Fidelity & Deposit Co. v. DiStefano Constr., Inc., 562 So.2d at 847.
We also agree with the district court that the trial court erred in ordering the lien-transfer bond increased in an amount sufficient to include the award of attorney's fees. Id. at 846. However, we do not agree with the district court that section 713.24 only authorizes payment of costs up to $500. When this provision was amended in 1987, the legislature increased from $100 to $500 the amount that a surety must post toward any imposition of costs and deleted the limitation "and costs not to exceed $100." As this Court stated in Aetna Casualty & Surety Co. v. Buck, 594 So.2d 280 (Fla. 1992), the omission of this language repealed the $100 cost recovery limitation on section 713.24 bonds. Any part of the lien-transfer bond not included in the foreclosure judgment can be used for payment of costs. However, the cost recovery is limited to the face amount of the bond. Here, the foreclosure judgment against the bond was $20,568.11, and the balance of the face amount of $26,060 is available to satisfy the award of attorney's fees and costs. DiStefano is left with an unsecured judgment for any costs which exceed the remaining face amount of the bond. See Aetna Casualty & Surety Co., at 283.
DiStefano also seeks reversal of the trial court's reduction in the number of attorney hours reasonably expended. In Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), this Court recognized that a court may reduce the number of hours claimed if the court finds the hours to be excessive or unnecessary. Moreover, the award of attorney's fees is a matter committed to sound judicial discretion which will not be disturbed on appeal, absent a showing of clear abuse of discretion. Lucas v. Evans, 453 So.2d 141 (Fla. 1st DCA 1984); 3 Fla.Jur.2d Appellate Review § 339 (1978). In the instant case, the trial court reduced the number of hours to reflect the time expended on the issue of the late service of the contractor's affidavit, which the trial court attributed to the fault of counsel for DiStefano. Nothing in the record below indicates an abuse of discretion by the trial court in ordering this reduction. Thus, the trial court's order will not be disturbed.
Accordingly, the opinion of the district court is approved in part and quashed in part. We also disapprove U.S. Fire Insurance to the extent that it authorizes payment of attorney's fees pursuant to section 627.428(1) in an action to foreclose on a mechanic's lien secured by a transfer-of-lien. This case is remanded for proceedings consistent with this opinion.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] Section 627.428(1), Florida Statutes (1987), provides:

(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.
[2] Although the bond in this case was issued in 1984, DiStefano moved for attorney's fees pursuant to the 1987 Florida Statutes, and both the trial court and the district court decided this case under the 1987 provisions. The litigation below focused on whether the attorney's fees provision of the Florida Insurance Code can be applied to a transfer-of-lien bond issued by a surety. The inapplicability of 1987 statutes was raised for the first time in Fidelity's response to DiStefano's supplemental brief to this Court. Because this issue does not go to the merits of the case or the foundation of the case, the application of the 1987 statute is not a fundamental error which can be considered on appeal without objection in the lower court. See Sanford v. Rubin, 237 So.2d 134 (Fla. 1970). Thus, this opinion applies the 1987 statute which was the basis of the decision below.
[3] Section 713.24(1)(b), Florida Statutes (1987), provides in pertinent part:

(b) Filing in the clerk's office a bond executed as surety by a surety insurer licensed to do business in this state, either to be in an amount equal to the amount demanded in such claim of lien, plus interest thereon at the legal rate for 3 years, plus $500 to apply on any court costs which may be taxed in any proceeding to enforce said lien.
[4] See § 627.756, Fla. Stat. (1987).
[5] See § 627.736(8), Fla. Stat. (1987).