Carol J. ZEISLER, Plaintiff–Appellant,

and

Barry M. Barash and Barash, Stoerzbach & Henson, Appellants,

v.

Susan NEESE, doing business as Neese Motors, Defendant–Appellee.

No. 92–2936.

United States Court of Appeals, Seventh Circuit.

Argued April 26, 1994.

Decided May 20, 1994.

Barry M. Barash, Richard A. Dahl (argued), Barash, Stoerzbach & Henson, Galesburg, IL, for Carol J. Zeisler.

Susan Neese, pro se.

Barry M. Barash, pro se.

Richard A. Dahl, Barash, Stoerzbach & Henson, Galesburg, IL, for Barry M. Barash, Barash, Stoerzbach & Henson.

Before POSNER, Chief Judge, and ESCHBACH and EASTERBROOK, Circuit Judges.

POSNER, Chief Judge.

Is a plaintiff's lawyer, as distinct from the plaintiff himself, entitled to recover attorney's fees in a suit under the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.?* Carol Zeisler had bought a used car for $1,678 from Susan Neese, who deals in used cars under the name Neese Motors. Neese agreed to finance the purchase. Zeisler became unhappy with her purchase and engaged Barry Barash, the appellant, who was already representing the Zeislers in their bankruptcy, to sue Neese. Barash agreed to represent Mrs. Zeisler on a contingent basis but neglected to make a written contract of retention with her. He prepared and filed on her behalf a four-count complaint. Three counts were based on the Truth in Lending Act and the fourth, which we can disregard, on the federal odometer-tampering law. Meanwhile Zeisler had defaulted on her financing arrangement with Neese. Neese repossessed the car. When Zeisler's husband went to the dealer to retrieve the license plates from the repossessed car, Neese's husband broached the question of a possible settlement of the suit. Mr. Zeisler consulted his wife, and both Zeislers returned to the dealer the same day to discuss settlement. The Zeislers "had to have a vehicle right then." So that very day they signed an agreement with Neese whereby she gave them another used car, worth $500, in exchange for their agreeing to drop this suit. The agreement made no reference to attorney's fees.

Barash had not been consulted and when he learned of the settlement he asked the district court to order Neese to pay him attorney's fees and costs amounting to some $2,400. The court held a hearing. Carol Zeisler testified that she had assumed that Barash would bill her for any attorney's fee due him, and Neese testified that she had assumed that Zeisler would be responsible for her own attorney's fee and costs. The judge asked Zeisler whether she was "asking the Court to award attorney's fees in this case," and she said "no." The judge then dismissed the suit pursuant to the settlement and denied Barash's motion for attorney's fees. Barash appeals.

█ The statute provides that "any creditor who fails to comply with any requirement" imposed by the statute "with respect to any person is liable *to such person* in an amount equal to ... a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1640(a)(3) (emphasis added). We agree with *Freeman v. B & B Associates,* 790 F.2d 145 (D.C.Cir.1986), that the entitlement to attorney's fees belongs to the plaintiff, not to his (in this case her) lawyer. That is what the statute says, and it follows the pattern set by other attorney's fee statutes. See, e.g., *Venegas v. Mitchell,* 495 U.S. 82, 87, 110 S.Ct. 1679, 1682, 109 L.Ed.2d 74 (1990) (Civil Rights Attorney's Fees Awards Act); *Panola Land Buying Ass'n v. Clark,* 844 F.2d 1506, 1510–11 (11th Cir.1988) (Equal Access to Justice Act); *Moore v. National Ass'n of Securities Dealers, Inc.,* 762 F.2d 1093, 1099 n. 10 (D.C.Cir.1985) (Title VII); *International Travel Arrangers, Inc. v. Western Airlines, Inc.,* 623 F.2d 1255, 1274 (8th Cir.1980) (Sherman Act). The contrary holding in *James v. Home Construction Co.,* 689 F.2d 1357 (11th Cir.1982), does great violence to the statutory language, with no clear offsetting benefit to the statute's goals. The court expressed concern that the threat of "backdoor" settlements between Truth in Lending plaintiffs and their creditors would discourage lawyers from taking on these cases, with resulting harm to debtors as a class. Unmentioned is the offsetting danger that the lawyer's insistence on his fee might block settlements advantageous to plaintiffs. The Zeislers were desperate for a car. They would not have gotten one so soon had their

lawyer insisted on a legal fee five times as large as the defendant's settlement offer.

 The lawyer can protect himself, moreover, though not perfectly, by entering into a written contract with his client in which the client assigns his statutory right to attorney's fees to the lawyer. Then the lawyer can enforce the right without the participation of his client, as in *Samuels v. American Motors Sales Corp.*, 969 F.2d 573, 576–77 (7th Cir. 1992). If the client makes a settlement with the defendant, waiving attorney's fees, and the defendant has no notice of the assignment—no notice, that is, that the entitlement to attorney's fees is not the plaintiff's to waive—the lawyer can go against his client for breach of contract. If the defendant does have notice of the assignment, the lawyer can go directly against the defendant. *Salem Trust Co. v. Manufacturers' Finance Co.*, 264 U.S. 182, 194, 44 S.Ct. 266, 269, 68 L.Ed. 628 (1924); *Production Credit Ass'n v. Alamo Ranch Co.*, 989 F.2d 413, 417 (10th Cir. 1993). The lawyer's remedy against his client will be worth little if, as in this case, the client is at or over the border of indigency (she was in bankruptcy, remember), but in such a case the lawyer is quite likely to have a remedy against the defendant. Neese knew that Zeisler was represented by a lawyer—Barash had signed the complaint, which had been served and which Neese, also represented by counsel, had answered. Neese might despite her protestations have been found by the district judge to have suspected that Zeisler's lawyer had acquired by assignment Zeisler's statutory right to seek attorney's fees against Neese—had there been an assignment. There had not been. Barash had neglected to procure one. Zeisler retained her statutory right to attorney's fees and waived it explicitly as part of the settlement with Neese. Barash had no statutory entitlement.

AFFIRMED.