KLEIN, Judge.
Appellant, a plaintiff in a mortgage foreclosure, appeals an order awarding its former law firm attorney’s fees through a lien on the property which was the subject of the foreclosure, arguing that the trial court improperly included work performed by the discharged law firm in getting a bankruptcy stay lifted- We affirm.
Appellant argues that the bankruptcy was a separate matter, and relies on Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom, 428 So.2d 1383, 1384 (Fla.1983), in which our supreme court held that a “charging lien is an equitable right to have costs and fees due an attorney for services in the suit secured to him in the judgment or recovery in that particular suit.” Appellant acknowledges that it authorized the work in the bankruptcy court, and that lifting the stay was necessary in order for the foreclosure suit to proceed, but argues that those fees cannot be included in the lien.
The Sinclair language on which appellant relies does not, in our opinion, prohibit a trial court from including the bankruptcy work, where, as here, that work was directly related to obtaining the property on which the lien is imposed. Nor would doing so be inconsistent with the rationale behind allowing charging hens:
While our courts hold the members of the bar to strict accountability and fidelity to their clients, they should afford them protection and every facility in securing them their remuneration for their services. An attorney has a right to be remunerated out of the results of his industry, and his lien on these fruits is founded in equity and justice.
Sinclair, 428 So.2d at 1385 (quoting Carter v. Bennett, 6 Fla. 214,258 (1855)).
When a trial court determines the amount of attorney’s fees, its decision as to whether work was necessary is discretionary. DiStefano Constr., Inc. v. Fidelity and Deposit Co. of Maryland, 597 So.2d 248 (Fla.1992). We conclude that the trial court’s decision in this case as to whether the ancillary work was includable in the lien was also discretionary, and find no abuse here. We *1192 find the remaining points to be without merit.
Affirmed.
GUNTHER, C.J., and FARMER, J., concur.