740 So.2d 589 (1999)
FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF the PALM BEACHES, Appellant,
v.
Kim BEZOTTE and Gardens Oaks Homeowner's Association, Appellees.
No. 98-3291.
District Court of Appeal of Florida, Fourth District.
August 18, 1999.
Rehearing Denied October 11, 1999.
*590 Steven Ellison of Broad and Cassel, West Palm Beach, for appellant.
James A. Bonfiglio, Boynton Beach, for appellee-Kim Bezotte.
ROTHSCHILD RONALD J., Associate Judge.
Appellant sued Appellee Kim Bezotte (Bezotte) to foreclose two mortgages based on Bezottes default status on each of the two separate notes. Bezotte filed an answer asserting affirmative defenses based on the federal Truth In Lending Act (TILA) and stated a counterclaim based on alleged TILA violations. The case proceeded to a non-jury trial after which the trial court entered a separate final judgment as to each count asserted by the appellant.
The trial court granted Bezottes counterclaim in count I based upon enumerated TILA violations, awarding statutory damages under 15 U.S.C. § 1640 in the amount of $2,000 ... there were three (3) adjustments making the total set off $6,000.00. However, the trial court denied Bezottes TILA counterclaim on count II, finding that she had failed to prove any TILA violations on the second note.
Thereafter, Bezotte filed a motion for costs and attorneys fees. Following an evidentiary hearing where both sides presented the testimony of experts, the trial court entered a final order awarding attorneys fees in the amount of $34,100. The courts determination was made in accordance with the factors set forth in Standard Guaranty Insurance Co. v. Quanstrom, 555 So.2d 828 (Fla.1990); that Bezottes counsel reasonably expended 55 hours to handle the matter, that a reasonable hourly rate was $310.00, and that the application of a multiplier of two was appropriate.

Standard of Review
An award of attorneys fees in a civil case will not be reversed absent an abuse of discretion. See DiStefano Constr., Inc. v. Fidelity & Deposit Co. of Maryland, 597 So.2d 248, 250 (Fla.1992); H & S Corp. v. U.S. Fidelity & Guar. Co., 667 So.2d 393, 400 (Fla. 1st DCA 1995); see also Hensley v. Eckerhart, 461 U.S. 424, 432, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion. Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla. *591 1980). The appellate court may not substitute its judgment for that of the trial court on findings of factual issues. See Howe v. Estate of Howe, 349 So.2d 1200, 1202 (Fla. 1st DCA 1977).
This court finds that the trial court did not abuse its discretion when ruling on the lodestar approach by determining a reasonable hourly rate for a reasonable number of hours expended. The only remaining question to explore is whether the trial court erred by awarding Bezotte a contingency fee enhancement. We answer this question in the affirmative.
The trial court made the award of fees under title 15 U.S.C. § 1640(a), which is a federal fee-shifting statute providing for an award of a reasonable attorneys fee to a successful plaintiff seeking recission under TILA. Since the award was made pursuant to a federal statute, this court must analyze the fee award pursuant to the U.S. Supreme Courts interpretation of TILA and similar federal fee-shifting statutes. See International Assn. of Bridge, Structural & Ornamental Ironworkers, AFLCIO v. Blount Int'l, Ltd., 519 So.2d 1009, 1012 (Fla. 2d DCA 1987), cert. denied, 488 U.S. 1005, 109 S.Ct. 786, 102 L.Ed.2d 777 (1989).
In City of Burlington v. Dague, 505 U.S. 557, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992), the United States Supreme Court effectively eliminated the application of contingency multipliers to fee awards made pursuant to a federal fee-shifting statute. Specifically, in interpreting the Solid Waste Disposal Act and the Clean Water Act, the court first noted that the subject fee-shifting statutes provided for an award of reasonable attorneys fees and costs "to a prevailing or substantially prevailing party." Id. at 562, 112 S.Ct. 2638 (quotation omitted). Since this language was similar to that of other federal fee-shifting statutes that the Court had previously construed, the Court held that its prior case law construing what is a reasonable fee applied equally to the Clean Water Act and Solid Waste Disposal Act fee awards as well as other similarly worded fee statutes: [t]his language is similar to that of many other federal fee-shifting statutes; our case law construing what is a reasonable fee applies uniformly to all of them. Id. (citations omitted). Dague controls in this case since TILA also provides for the award of a reasonable fee to a successful plaintiff.
Accordingly, we affirm the finding in the final judgment that relates to the lodestar determination of the reasonable attorneys fee. We reverse the trial courts application of a multiplier and remand for recalculation consistent with this opinion.
SHAHOOD and TAYLOR, JJ., concur.