PER CURIAM.
Appellant, Attorney James A. Bonfiglio, appeals from a final judgment denying his motion for attorneys’ fees and costs brought under the Truth in Lending Act (“TILA”). We affirm the trial court’s denial of Bonfiglio’s motion because Bonfiglio lacked standing to pursue his clients’ claim for attorneys’ fees and his clients were not successful in enforcing a TILA liability action at the trial court, as required to recover attorneys’ fees under TILA.
Attorney James A. Bonfiglio represented defendants James and Bonnie Hamilton in a suit brought by the EMC Mortgage Corporation to foreclose on a mortgage and note executed by the Hamiltons. The Hamiltons had signed a “negative” Authority to Represent with Bonfiglio in February 1998, in which the Hamiltons agreed to pay Bonfiglio the greater of either 40% of the amount the Hamiltons saved compared to the amount demanded by the Plaintiff in the litigation, or the court-awarded fee.
In response to EMC’s foreclosure action, the Hamiltons, represented by Bon-figlio, filed an answer and affirmative defenses, asserting various defenses under TILA, 15 U.S.C. § 1601 et seq. EMC then filed a Motion for Summary Judgment. The trial court granted EMC’s motion and entered Final Summary Judgment of Foreclosure in favor of EMC in the amount of $160,765.22. In the Final Summary Judgment of Foreclosure in favor of EMC, the court disposed of the Hamiltons’ TILA affirmative defenses, *563 stating: “There are specifically also no genuine, material fact issues raised by the Hamiltons’ affirmative defenses, on which EMC is entitled to judgment as a matter of law.”
The Hamiltons subsequently appealed the Final Summary Judgment of Foreclosure to this Court. While the case was pending on appeal, EMC’s counsel sent Bonfiglio a letter indicating that the respective parties had settled the matter. The settlement documents waived Bonfig-lio’s right to attorneys’ fees.
Pursuant to the settlement agreement, the Hamiltons satisfied the judgment through a foreclosure sale, and accordingly, filed a Notice of Satisfaction of Judgment. On that same day, Bonfiglio, acting on his own behalf, filed a Notice of Charging and Retaining Lien, in which he requested that, in the event this case is resolved and the appeal is dismissed, the court enter an order determining the amount of fees and costs that are owed by EMC, and or the Hamiltons, for services rendered through judgment. Additionally, Bonfiglio filed a motion to tax costs and fees, seeking his attorney fees and costs against EMC and or the Hamiltons for services rendered through judgment.
At the hearing on Bonfiglio’s motion for attorneys’ fees, Bonfiglio explained to the court that he refused to sign the settlement agreement between the Hamiltons and EMC, which waived his attorneys’ fees. Bonfiglio also explained that when he learned of the settlement, he took no further action at this Court, leading to this Court’s dismissal for lack of prosecution. EMC’s counsel also conceded at the hearing that EMC agreed to waive attorneys’ fees under the mortgage contract in exchange for the Hamiltons dismissing the appeal. The trial court ultimately denied Bonfiglio’s motion for attorneys’ fees, finding that the TILA claims upon which Bon-figlio based his request for fees were insufficient at summary judgment.
On appeal, Bonfiglio argues that the settlement agreement between the Hamiltons and EMC was a “successful action” requiring the court to award him section 1640(a)(3) attorneys’ fees against EMC. The appellee, EMC, argues that the trial court’s denial of Bonfiglio’s motion for attorneys’ fees should be affirmed because Bonfiglio has no independent statutory right to attorneys’ fees under TILA as federal case law interpreting this section has held that the right to claim attorneys’ fees belongs to the plaintiff, not the attorney. Furthermore, EMC argues that no “successful TILA action” was ever brought by Bonfiglio’s clients, the Hamiltons, because the trial court granted summary judgment in favor of EMC and therefore Bonfiglio is not entitled to attorneys’ fees.
Federal law controls the award of fees authorized by 15 U.S.C. § 1640(a)(3). Citibank Fed. Sav. Bank v. Sandel, 766 So.2d 302, 303 (Fla. 4th DCA 2000). The statute governing the recovery of attorneys’ fees in TILA actions is 15 U.S.C. § 1640(a)(3), which provides in pertinent part, that:
(a) Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part ... is liable to such person in an amount equal to the sum of-(3) in the case of any successful action to enforce the foregoing liability or in any action in which a person is determined to have a right of rescission under section 1635 of this title, the costs of the action, together with a reasonable attorney’s fee as determined by the court.
15 U.S.C. § 1640(a)(3) (1995) (emphasis added).
First, we agree with the appellee, EMC, that Bonfiglio lacks standing to pur *564 sue an award of attorneys’ fees because the right to attorneys’ fees belongs to the client and not the lawyer. The case relied on by Bonfiglio is James v. Home Construction Co. of Mobile, Inc., 689 F.2d 1357, 1359 (11th Cir.1982). In James, the attorney represented the plaintiff on a statutory fee basis in an action for rescission and damages under TILA. Id. at 1357. The plaintiff successfully settled the case, obtaining cancellation of the mortgage on his home, cancellation of his indebtedness to the defendant, and $2,000 in cash. Id. In the settlement negotiations, fees for the attorney were expressly left open for the court to determine. Id. After the court dismissed the case with prejudice pursuant to the settlement, the attorney petitioned the court for an award of attorney’s fees under 15 U.S.C. § 1640(a)(3). Id. The Eleventh Circuit concluded that she was entitled to attorney’s fees. Id. at 1358. The court wrote:
Section 1640(a)(3) of the Truth-in-Lending Act creates a legal right to a fee award in a successful action for rescission. The fact that a plaintiff prevails through settlement should not weaken this claim to fees. Contrary to dicta in Smith v. South Side Loan Co., 567 F.2d 306, 307 (5th Cir.1978), suggesting that attorney’s fees are the right of the party suing, we find that it is the attorney who is entitled to fee awards in a TILA case, not the client. This finding is supported by cases holding that a court may directly pay the attorney, Carr v. Blazer Financial Services, Inc., 598 F.2d 1368, 1370 (5th Cir.1979), and that the award is not subject to setoff ...
Id. (some citations omitted). However, the holding in James has been questioned by the Seventh Circuit in Zeisler v. Neese, 24 F.3d 1000, 1001 (7th Cir.1994), where the court commented that the James holding “does great violence to the statutory language, with no clear offsetting benefit to the statute’s goals.” Not surprisingly, the Zeisler court concluded that the entitlement to attorneys’ fees belongs to the plaintiff and not the lawyer. Similarly, in Freeman v. B & B Associates, 790 F.2d 145, 148 (D.C.Cir.1986), the D.C. Circuit commented that “while we are sensitive to the concerns underlying ... the Eleventh Circuit’s holding in James, we do not think they support the creation of an attorney’s independent right of action under TILA for fees.” The court went on to explain that it disagreed with James “[t]o the extent that the language in James suggest a more general right of action under TILA by attorneys for their fees.” Id. at 149. Rather, the court read the rationale in James as “applicable solely to the issue of the attorney’s standing to seek attorneys’ fees.” Id.
Moreover, the Eleventh Circuit in Panola Land Buying Ass’n v. Clark, 844 F.2d 1506, 1512 (11th Cir.1988) agreed with the Freeman court’s analysis of James, stating that Freeman was an “excellent opinion.” Specifically, the court cited with approval the following from the Freeman opinion:
James involved an attorney’s standing to pursue his client’s claim for attorney’s fees under TILA. James is silent on the question of an attorney’s right of action where the client has expressly waived any claim to attorneys’ fees ... In fact, however, we read the rationale in James as applicable solely to the issue of the attorney’s standing to seek attorneys’ fees....

Id.

We agree with the analysis in Freeman and Panola that the holding in James has a narrow application and does not address the question of an attorney’s right of action where the client has expressly waived any claim to attorneys’ fees. In this case, the settlement documents waived Bonfig- *565 lio’s right to attorneys’ fees. Therefore, we find that the limited application of James does not affect the outcome of the instant case and conclude that Bonfiglio has no independent statutory right to attorneys’ fees.
We also agree with EMC that even if Bonfiglio has standing to bring this appeal, his clients were not “successful” in enforcing a TILA action as required by 15 U.S.C. § 1640(a)(3) to recover attorneys’ fees, because the trial court granted summary judgment in favor of EMC, determining that the Hamiltons’ TILA affirmative defenses were not proper as a matter of law. Bonfiglio argues that this Court should award him attorneys’ fees based on First Federal Savings & Loan Ass’n v. Bezotte, 740 So.2d 589 (Fla. 4th DCA 1999). In Bezotte, the defendant filed an answer asserting affirmative defenses based on TILA and stated a counterclaim based on alleged TILA violations. Id. at 590. The trial court granted one of the defendant’s counterclaims based upon the alleged TILA violations. Id. Thereafter, the defendant filed a motion for costs and attorneys fees, and the trial court entered an order awarding fees. Id. This Court affirmed the final judgment related to the lodestar determination of the reasonable attorneys fee, although we reversed the trial court’s application of a multiplier. Id. at 591.
However, in Bezotte, the trial court granted one of the defendant’s counterclaims based upon the alleged TILA violations. Id. at 590. Here, the court granted summary judgment in favor of the plaintiffs (EMC) and against the defendants (the Hamiltons), who raised the TILA affirmative defenses. As such, the Hamiltons were not a prevailing party and therefore their defense was not a “successful action” that would entitle their attorney, Bonfiglio, to an award of attorneys’ fees.
For these reasons, the order denying Bonfiglio’s motion for attorneys’ fees is affirmed.

Affirmed.

GUNTHER, HAZOURI and MAY, JJ., concur.