[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

--------------------------------------

No. 07-11530
Non-Argument Calendar

--------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 14, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 05-00613-CV-T-30TBM

JOHNNY LONG,

Plaintiff-Appellant,

ACCESSIBILITY DISABILITY CONSULTANTS, INC.,
TODD W. SHULBY,

Intervenors-Appellants,

versus

MORTON PLANT HOSPITAL ASSOCIATION, INC.,

Defendant-Appellee.

----------------------------------------------------------------
Appeal from the United States District Court
for the Middle District of Florida
----------------------------------------------------------------

(February 14, 2008)

Before EDMONDSON, Chief Judge, TJOFLAT and HULL, Circuit Judges.

PER CURIAM:

Accessibility Disability Consultants, Inc. and Todd W. Shulby (collectively the "Intervenors"), along with Shulby's client, Johnny Long, appeal the district court's denial of their verified application for attorneys' fees and costs. No reversible error has been shown; we dismiss in part and affirm in part.

Long settled his Americans With Disabilities Act ("ADA") case with defendant Morton Plant Hospital Association. The settlement agreement provided that the case would be dismissed with prejudice, except for the issue of attorneys' fees. Long, in July 2006, filed the instant application for fees. In August 2006, defendant filed a suggestion of death about Long. In December 2006, defendant filed a motion to dismiss because no one had been substituted for Long. In response, Intervenors filed a motion to intervene so that they could pursue the application for fees. The district court granted the motion to intervene but denied the application for fees based on Intervenors' lack of standing.

Because Long is deceased and no one made a timely request for substitution on his behalf in the district court or in this appeal, he was not a proper party in the district court and he is not a proper party to this appeal. See Fed.R.Civ.P. 25(a)(1) (providing that, if a motion for substitution is not filed within 90 days of the filing of a suggestion of death, the action shall be dismissed as to the deceased party);

2

Fed.R.App.P. 43(a) (providing for substitution of a deceased party on appeal). Therefore, Long is dismissed from this appeal. See Crowder v. Hous. Auth. of Atlanta, 908 F.2d 843, 846 n.1 (11th Cir. 1990) (dismissing appeal as to a deceased party using implied powers under Rule 43 because no request for substitution had been made).

Intervenors argue that they had standing to pursue attorneys' fees because they had a right to intervene.[1] Intervenors distinguish the case relied on by the district court -- Panola Land Buying Ass'n v. Clark, 844 F.2d 1506 (11th Cir. 1988) -- by noting that the settlement agreement between Long and defendant did not contain a fee waiver provision. Intervenors argue that James v. Home Constr. Co. of Mobile, 689 F.2d 1357 (11th Cir. 1982), controls the standing issue because Long did not expressly waive attorneys' fees as part of the settlement agreement. Though Long is identified as a party to the appeal, Intervenors make no arguments about his interest in attorneys' fees.

We review de novo determinations of standing. Bochese v. Town of Ponce Inlet, 405 F.3d 964, 975 (11th Cir. 2005). Here, the standing question is whether Intervenors have alleged a personal stake in the outcome of the issue of attorneys'

---

[1] Intervenors main contention in their brief is that they were entitled to intervene under Fed.R.Civ.P. 24(a). This argument about intervention, however, is not the issue on appeal.

3

fees in this litigation to warrant the invocation of federal-court jurisdiction.  Warth

v. Seldin, 95 S.Ct. 2197, 2205 (1975).  In an ADA case, "the court . . . , in its

discretion, may allow the prevailing party . . . a reasonable attorney's fee,

including litigation expenses, and costs . . ."  42 U.S.C. § 12205.

By the plain language of the statute, the right to attorneys' fees in an ADA

case belongs to the prevailing party, not the party's lawyer.  And we have

determined that generally, fee-shifting statutes create a claim only for the

prevailing party, not the party's lawyer.  Panola, 844 F.2d at 1510-1511 (in the

context of the fee provision of the Equal Access to Justice Act ("EAJA"), 28

U.S.C. § 2412(b)); Lipscomb v. Wise, 643 F.2d 319, 320 (5th Cir. Unit A April

1981) (Voting Rights Act fee provision, 42 U.S.C. § 19731(e)).  Here, based on

the "prevailing party" language of the statute, only Long -- or his estate -- had

standing to apply for attorneys' fees under section 12205; and Intervenors had no

personal claim to fees.

In James, the case relied on by Intervenors, we determined that it is the

lawyer -- not the client -- who is entitled to fee awards in a case brought under the

Truth-In-Lending Act ("TILA") because the TILA provided a right of action for a

lawyer to seek fees after settlement.  689 F.2d at 1358-59.  In distinguishing

James, however, we determined in Panola that James involved a lawyer's standing

4

to pursue his client's claim for attorneys' fees under the TILA, and did not address the situation in Panola, where the client had expressly waived a claim to attorneys' fees. 844 F.2d at 1512 & n.17 (quoting Freeman v. B&B Assoc., 790 F.2d 145, 148-49 (D.C. Cir. 1986)) (emphasis in original).[2] Intervenors make no arguments about Long's claim to attorneys' fees, but instead, focus their arguments on their own entitlement to fees. Still, the standing Intervenors had was derivative to Long's claim. See James, 689 F.2d at 1358-59 (as construed by Panola 844 F.2d at 1512 & n.17). And Long was not a proper party in the district court; nor is he a proper party to this appeal because no timely substitution was made after his death. Thus, he no longer had a justiciable claim to fees for Intervenors to pursue.[3]

We conclude that the district court correctly denied the application for attorneys' fees because Intervenors had no personal claim to fees under section 12205 and could not pursue Long's claim to fees because he was deceased and no party was substituted for him in this litigation.

DISMISSED IN PART, AFFIRMED IN PART.

---

[2]We also noted in Panola that James dealt with the mandatory fee provisions of the TILA, not the discretionary fee provisions of the EAJA. 844 F.2d at 1512. The ADA's fee provision also is discretionary.

[3]Intervenors argument that Long's settlement agreement did not expressly waive attorneys' fees like the agreement in Panola is not pertinent to the issue of standing in this case because Long, being deceased, had no extant claim to fees.